**Donna K. STITES, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 65A01–0310–PC–402.

Court of Appeals of Indiana.

June 29, 2004.

Susan K. Carpenter, Public Defender of Indiana, Jeffrey R. Wright, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Appellant-petitioner Donna K. Stites appeals the denial of her amended petition for post-conviction relief. We reverse.

### Issues

Stites presents two issues for review, which we restate as follows:

I.  Whether she has waived her claim that her sentence is illegal; and

II.  Whether the trial court erred in denying her amended petition for post-conviction relief.

### Facts and Procedural History

Sometime between May 29 and June 4, 1984, Stites and her boyfriend Frank Dorsey conspired to lure Edgar Dutell to her Vanderburgh County apartment and rob him of drugs. When Dutell arrived at Stites's apartment, she began performing a sex act on him. Dorsey emerged from a closet and struck Dutell on the head with a steel pipe, causing him to fall. Dorsey repeatedly struck Dutell's head and face. Stites told Dorsey, "He's in bad enough shape now, we're going to have to go ahead and kill him." Appellant's App. at 89 (guilty plea hearing transcript). Dorsey continued to beat Dutell and twisted a leather belt around his neck to ensure that he was dead. Dorsey and Stites robbed Dutell of 120 Dilaudid tablets and disposed of his body in a Posey County dump.

On July 3, 1984, Stites and Dorsey were involved in the murder-for-hire of her stepfather, Ron Fulton, in Vanderburgh County. The next day, Fulton's body was discovered in a car trunk in St. Louis, Missouri, with two gunshot wounds to the head. On November 12, 1984, Stites was indicted in Vanderburgh County for Fulton's murder. On February 13, 1985, she pleaded guilty to this charge. On March 12, 1985, Stites received a fifty-year executed sentence, to be served consecutive to an eight-year sentence she received in Vanderburgh County for two counts of theft in August 1984.[1]

On July 15, 1985, Stites was charged in Posey County with the felony murder of Dutell. On August 8, 1985, at the initial hearing, the State filed a sentencing recommendation in which Stites agreed to plead guilty to Dutell's murder and receive a forty-year executed sentence, to be served consecutive to the sentences imposed in Vanderburgh County. Stites further agreed to testify truthfully at Dorsey's murder trial, and the State agreed not to seek the death penalty. On September 10, 1985, the trial court accepted Stites's guilty plea and sentenced her according to its terms. The trial court stated, "The Court finds that that should be a consecutive sentence because the law requires it and because of the nature of this offense, and because it is a term of the plea recommendation the parties asked the Court to follow." *Id.* at 99.

On July 16, 1999, Stites filed pro se a petition for post-conviction relief. On July 29, 1999, the State filed an answer asserting the affirmative defenses of laches, res judicata, and waiver.[2] On August 26, 2002,

---

1.  Stites asserts that pursuant to the granting of a motion to correct erroneous sentence, the Vanderburgh County sentences were ordered to be served concurrently. Appellant's Br. at 16.

2.  The State did not assert these defenses at the hearing on Stites's amended petition for post-conviction relief.

Stites filed by counsel a motion to correct erroneous sentence in which she asserted that the trial court had no authority "to order two sentences from different counties to be served consecutively[.]" *Id.* at 45. On October 9, 2002, the State filed an objection to Stites's motion, contending that by pleading guilty she had "waived her right to subsequently challenge the imposition of consecutive sentences." *Id.* at 122.

On November 4, 2002, Stites filed by counsel an amended petition for post-conviction relief in which she alleged that her Posey County murder sentence was illegal because the trial court had no statutory authority to order it served consecutive to any other sentence; that her guilty plea was not knowing, voluntary, or intelligent because she had been misinformed by both the trial court and counsel regarding the actual penal consequences; and that counsel was ineffective for failing to advise her that the trial court could not impose a consecutive sentence. Also on November 4, 2002, Stites filed by counsel a motion to stay any decision on her motion to correct erroneous sentence and to "consolidate [that] action with the pending amended post-conviction petition." *Id.* at 131.

On September 8, 2003, the post-conviction court held a hearing on Stites's motion to correct erroneous sentence and amended petition for post-conviction relief. During the hearing, the parties stipulated that Stites's trial counsel would have testified that he had "no specific, independent recollection of any conversations he had with Ms. Stites, that he [had] made a search for his attorney's file, and he [had] not found any such file[.]" Tr. at 6. That same day, the post-conviction court entered an order summarily denying Stites's motion to correct erroneous sentence and amended petition for post-conviction relief. Stites now appeals.

### Discussion and Decision

Initially, we observe that post-conviction procedures

create a narrow remedy for subsequent collateral challenges to convictions. Those collateral challenges must be based upon grounds enumerated in the post-conviction rules. Petitioners bear the burden of establishing their grounds for relief by a preponderance of the evidence. When petitioners appeal from a denial of post-conviction relief, they appeal a negative judgment. Therefore, on appeal, a petitioner must show that the evidence, when taken as a whole, leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. We will disturb the post-conviction court's decision only if the evidence is without conflict and leads to but one conclusion and the post-conviction court has reached the opposite conclusion.

*Richardson v. State,* 800 N.E.2d 639, 643 (Ind.Ct.App.2003) (citations, quotation marks, and alteration omitted), *trans. denied* (2004). Where, as here, the post-conviction court has failed to enter specific findings of fact and conclusions of law as required by Indiana Post–Conviction Rule 1(6), we review the petitioner's claims de novo. *Allen v. State,* 749 N.E.2d 1158, 1170 (Ind.2001), *cert. denied* (2002).[3]

### I. *Waiver*

When Stites was sentenced for Dutell's murder in September 1985, Indiana Code Section 35–50–1–2(a) "limit[ed] the discretionary authority of the trial court to order

---

**3.** We agree with the State's contention that Stites does not specifically challenge the denial of her motion to correct erroneous sentence in her original appellate brief. *See* Appellant's Br. at 6–7 (reciting post-conviction standard of review). Accordingly, we review only the denial of her amended petition for post-conviction relief.

consecutive sentences to those occasions when a court is meting out two or more terms of imprisonment at one time." *Watkins v. State,* 588 N.E.2d 1342, 1344 (Ind. Ct.App.1992) (citing *Kendrick v. State,* 529 N.E.2d 1311 (Ind.1988)). As such, the trial court did not have statutory authority to order Stites's forty-year sentence to run consecutive to the sentences imposed in Vanderburgh County.

■ The State points out that Stites did not file a direct appeal to challenge her sentence. "[I]t is well settled that, as a general rule, issues that were or could have been raised upon direct appeal are not available in post-conviction proceedings, as post-conviction is not a 'super appeal.'" *Taylor v. State,* 780 N.E.2d 430, 432 (Ind.Ct.App.2002), *trans. denied* (2003). The State cites *Taylor* for the proposition that Stites has waived any claim regarding her sentence because she failed to raise the issue in a direct appeal. *See id.* at 435 ("The fact remains that the sentencing issue *could have been* presented upon direct appeal but was not. Thus, this issue is not available to Taylor upon a petition for post-conviction relief.").

We disagree. Unlike Taylor, Stites's sentencing challenge relates to the validity of her guilty plea and is not a freestanding claim of error.[4] This post-conviction proceeding is Stites's first available opportunity to raise such a challenge, the merits of which we address below. *See Johnson v. State,* 734 N.E.2d 242, 247 (Ind.2000) (reiterating that "'when a defendant pleads guilty, he may challenge only sentencing errors on direct appeal, not alleged errors involving his guilty plea or conviction.'") (citation omitted).

## II. Denial of Post–Conviction Relief

■ Stites asserts that she is entitled to post-conviction relief because her illegal sentence renders her guilty plea void and unenforceable. We agree. In *Sinn v. State,* 609 N.E.2d 434 (Ind.Ct.App.1993), *trans. denied,* we addressed a similar challenge to an illegal consecutive sentence via a motion to correct erroneous sentence. The State argued that Sinn was "bound to his bargain" because the sentence was imposed pursuant to the terms of a plea agreement. *Id.* at 435. We responded as follows:

As logical and attractive as the State's argument is, it must be rejected. Sinn would prevail under contract law standards: a contract made in violation of statute is void and unenforceable. Moreover, we cannot sanction an illegal sentence simply because it was the product of an agreement. For example, although ludicrous, we would not enforce a sentence of death for jay walking simply

---

4. The specific grounds of Taylor's sentencing challenge are unclear, *see Taylor,* 780 N.E.2d at 431 ("Taylor challenges the post-conviction court's determination that his sentence was proper."), but the opinion suggests that Taylor did not claim that his sentence was illegal or that it rendered his guilty plea invalid. *See id.* at 433 (citing *Bunch v. State,* 778 N.E.2d 1285 (Ind.2002) (holding that post-conviction petitioner waived his claim that "the trial court improperly weighed the aggravating and mitigating circumstances [at sentencing]" by failing to raise issue on direct appeal)).

Also unlike Taylor, Stites was not advised of her right to challenge her sentence on direct appeal. In *Collins v. State,* 800 N.E.2d 609

(Ind.Ct.App.2003), *trans. granted* (2004), and *Gutermuth v. State,* 800 N.E.2d 592 (Ind.Ct. App.2003), *trans. granted* (2004), we cited this lack of advisement as a basis for distinguishing *Taylor* and for concluding that the defendants had not waived their sentencing claims in post-conviction proceedings. *See Collins,* 800 N.E.2d at 614 ("For that reason, fairness dictates that we not apply the holding in *Taylor* and conclude that, given the facts of this case, Collins' sentencing issue was available to be raised in a petition for post-conviction relief."). We note, however, that our supreme court recently granted transfer in both *Collins* and *Gutermuth,* thereby negating their precedential value.

because the sentence was the product of a plea agreement. Courts are duty bound to correct illegal sentences.

. . . .

Sinn is entitled to relief from the illegal sentence. However, it does not follow that we must direct that the present sentence run concurrently with the previously imposed sentence as we did in *Watkins,* 588 N.E.2d 1342. *Watkins* is distinguishable as the illegal sentence was not the product of a plea bargain. As noted above, an illegal contract is void. Therefore, the conviction and sentence entered pursuant to the illegal plea agreement must be vacated; Sinn may be reprosecuted on the Robbery charge.

*Id.* at 436 (citations omitted).

We subsequently relied on *Sinn* in vacating the defendant's conviction and sentence in *Thompson v. State,* 634 N.E.2d 775 (Ind.Ct.App.1994) (motion to correct erroneous sentence), and in *Badger v. State,* 754 N.E.2d 930 (Ind.Ct.App.2001) (petition for post-conviction relief), both of

which involved an illegal consecutive sentence imposed pursuant to a plea agreement.[5] Stites observes that our supreme court has not overturned *Sinn* and its progeny. In fact, our supreme court recently acknowledged the viability of *Sinn,* albeit in passing, in *Bennett v. State,* 802 N.E.2d 919 (Ind.2004). *See id.* at 922 n. 2 (citing *Sinn,* 609 N.E.2d at 436, and noting, "Of course, even if the product of an agreement, a sentence imposed contrary to statutory authority would render a plea agreement void and unenforceable.").[6]

Following our decisions in *Sinn, Thompson,* and *Badger,* we reverse the denial of Stites's amended petition for post-conviction relief and vacate her conviction and sentence. The State may reprosecute Stites for Dutell's murder.

Reversed.

BAKER, J., and BARNES, J., concur.

---

**5.** In *Badger,* as in the instant case, the trial court misinformed the defendant "that the two sentences had to run consecutive." *Badger,* 754 N.E.2d at 932. Accordingly, we were "compelled to conclude that because of the erroneous advisement of the trial court relating to the consecutive sentences, Badger did not knowingly, intelligently, and voluntarily enter into the plea agreement mandating consecutive sentences." *Id.* at 936.

**6.** *But see Davis v. State,* 771 N.E.2d 647, 649 n. 4 (Ind.2002) (observing that "defendants who plead guilty to achieve favorable outcomes 'give up a plethora of substantive claims and procedural rights,' such as challenges to convictions that would otherwise constitute double jeopardy. Striking a favorable bargain including a consecutive sentence the court might otherwise not have the ability to impose falls within this category.") (quoting *Games v. State,* 743 N.E.2d 1132, 1135 (Ind.2001)). To the extent that this observation conflicts with the language excerpted

from *Bennett,* we are guided by our supreme court's more recent statement on this issue. In *Jordan v. State,* 676 N.E.2d 352 (Ind.Ct. App.1997), we noted the critical distinction between a sentence that violates double jeopardy principles and a sentence that violates statutory authority:

In both *Sinn* and *Thompson* the plea agreement called for the imposition of consecutive sentences when the court was without the statutory authority to impose consecutive sentences. Because there was no statutory authority for the judge to impose consecutive sentences, the fact the consecutive sentences were imposed pursuant to a plea agreement could not be held to "waive" the error. The judge *could not* sentence the defendants to the terms provided in the plea agreement.

*Id.* at 354 (footnote omitted). Likewise here, the trial court could not legally sentence Stites to the terms provided in the plea agreement, and she cannot be held to waive the error.