ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Jeffrey R. Wright
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 65S01-0409-PC-433

DONNA K. STITES,

Appellant (Petitioner below),

v.

STATE OF INDIANA,

Appellee (Respondent below).

Appeal from the Posey Circuit Court, No. 85-S-14
The Honorable James M. Redwine, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 65A01-0310-PC-402

**June 23, 2005**

**Rucker, Justice.**

Donna K. Stites entered a plea agreement that provided the sentence she received would run consecutive to a sentence she was already serving. She later challenged the plea as illegal. We conclude that Stites received the benefit of her bargain and cannot now complain.

## Facts and Procedural History

On November 12, 1984, Stites was charged in Vanderburgh County with the murder of her stepfather, Ron Fulton. She pleaded guilty to this charge in February 1985 and was sentenced to fifty years imprisonment. In July of 1985, Stites, along with accomplice Frank Dorsey, was charged in Posey County with murder during the course of robbery of Edgar Dutell. Under the terms of a plea agreement, the trial court sentenced Stites to a term of forty years imprisonment, to run consecutively with the Vanderburgh County sentence. As part of the plea agreement the State agreed that it would not seek the death penalty. It bears emphasizing that Stites specifically agreed to the consecutive sentences in her plea agreement with the State; this was not an "open plea."

On July 16, 1999, Stites filed a *pro se* petition for post-conviction relief. And on August 26, 2002, represented by counsel, Stites filed a motion to correct erroneous sentence, alleging the trial court had no authority "to order two sentences from different counties to be served consecutively." Appellant's App. at 45. Thereafter on November 4, 2002, Stites filed an amended petition for post-conviction relief, again alleging that her Posey County murder sentence was illegal because the trial court lacked authority to order the sentence served consecutive to any other sentence. She also alleged that her guilty plea was not entered knowingly, voluntarily, or intelligently, and that counsel rendered ineffective assistance.

After conducting a hearing on Stites' amended petition for post-conviction relief and her motion to correct erroneous sentence, the court denied the motion. On review the Court of Appeals vacated Stites' conviction and sentence on the ground that the trial court lacked authority to impose consecutive sentences. Stites v. State, 810 N.E.2d 1083, 1086 (Ind. Ct. App. 2004). Having previously granted transfer we now affirm the judgment of the post-conviction court.

## Discussion

Generally, a trial court cannot order consecutive sentences in the absence of express statutory authority. Baromich v. State, 252 Ind. 412, 249 N.E.2d 30, 33 (1969). At the time

Stites committed the offense the statute governing consecutive sentences was limited to those occasions where the court was meting out two or more terms of imprisonment at one time. See Kendrick v. State, 529 N.E.2d 1311, 1312 (Ind. 1988), superseded by statute. Because Stites' sentences for the two murder convictions were not being imposed at one time, the trial court lacked statutory authority to order the sentences to be served consecutively.

In reversing the judgment of the post-conviction court, the Court of Appeals relied on three cases that stand for the proposition that a conviction and sentence entered pursuant to an illegal plea agreement must be vacated. Stites, 810 N.E.2d at 1087 (citing Sinn v. State, 609 N.E.2d 434, 436 (Ind. Ct. App. 1993); Thompson v. State, 634 N.E.2d 775 (Ind. Ct. App. 1994); Badger v. State, 754 N.E.2d 930, 932-36 (Ind. Ct App. 2001)). However, while the instant case was pending on transfer, we decided Lee v. State, 816 N.E.2d 35 (Ind. 2004). There, we rejected the holdings in Sinn, Thompson, and Badger, and held instead "[a] defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." Lee, 816 N.E.2d at 40 (quotations omitted). We further held, "[D]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy. Striking a favorable bargain including a consecutive sentence the court might otherwise not have the ability to impose falls within this category." Id. (quotations omitted).

Like Lee, Stites received a significant benefit from her plea agreement. In particular she received less than the maximum possible sentence of sixty years, and the State agreed not to seek the death penalty. After striking this favorable bargain, Stites cannot now be heard to complain. Accordingly, Stites' sentence and conviction are not invalid on the ground that the trial court lacked statutory authority to impose consecutive sentences.

Stites also alleges that apart from the trial court's imposition of consecutive sentences, she is entitled to relief on separate grounds, namely: her plea agreement was not voluntarily, knowingly, or intelligently made, and that counsel rendered ineffective assistance. But these claims are merely a subset of Stites' claim that her plea agreement was void because it called for consecutive sentences. Specifically Stites contends that she "agreed to a forty (40) year

consecutive sentence for murder, without any knowledge concerning the illegal nature of this sentence" and that counsel rendered ineffective assistance for "failure to advise Stites that the court did not have discretionary authority to order consecutive sentences . . . ."  Br. of Appellant at 19, 20.  Because the trial court did have the authority to order consecutive sentences under the terms of the plea agreement, Stites' argument fails.

## Conclusion

We affirm the judgment of the post-conviction court.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.