**William P. GRAHAM, Sr.,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0811–CR–988.**

Court of Appeals of Indiana.

March 31, 2009.

William P. Graham, Sr., Pendleton, IN, Appellant pro se.

Gregory F. Zoeller, Attorney General of Indiana, Richard C. Webster, Deputy At-

torney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, William P. Graham, Sr. (Graham), appeals his sentence for unlawful possession of a firearm by a serious violent felon, a Class B felony, Ind.Code § 35–47–4–5, and the trial court's enhancement of his sentence for being an habitual offender.

We remand so that the trial court may remedy the defect.

### ISSUE

Graham presents one issue for our review, which we restate as: Whether his conviction for possession of a firearm by a serious violent felon and the enhancement of his sentence for being an habitual offender violate the prohibition against double jeopardy.

### FACTS AND PROCEDURAL HISTORY

On April 20, 2004, the State filed an Information charging Graham with Count I, unlawful possession of a firearm by a serious violent felon, a Class B felony, I.C. § 35–47–4–5; Count II, battery, as a Class D felony, I.C. § 35–42–2–1; Count III, resisting law enforcement, as a Class D felony, I.C. § 35–44–3–3; Count IV, failure to return to lawful detention, as a Class D felony, I.C. § 35–44–3–5; Count V, carrying a handgun without a license, a Class A misdemeanor, I.C. § 35–47–2–1; Count VI, resisting law enforcement, as a Class A misdemeanor, I.C. § 35–44–3–3; and Count VII, carrying a handgun without a license, as a Class C felony, I.C. § 35–47–2–1. On July 2, 2004, the State filed another Information alleging that Graham is an habitual offender, pursuant to Indiana Code section 35–50–2–8, based on his prior convictions for robbery and resisting law enforcement. On May 18, 2005, Graham pled guilty to all charges without the benefit of a plea bargain. That same day, the trial court entered a judgment of conviction for Count I, unlawful possession of a firearm by a serious violent felon, as a Class B felony; Count II, battery, as a Class D felony; Count III and VI, resisting law enforcement, as a Class D felony and as a Class A misdemeanor; and Count IV, failure to return to lawful detention, a Class D felony. To avoid violating double jeopardy prohibitions, the trial court merged the two charges for carrying a handgun without a license into Graham's conviction for unlawful possession of a firearm by a serious violent felon. The trial court sentenced Graham to six years for Count I; two years for Count II; one and one-half years each for Counts III and IV; and one year for Count VI, with Counts I, III, IV, and VI to be served concurrently and Count II to be served consecutively. The trial court also found Graham to be an habitual offender based in part on Graham's prior robbery conviction that was also used to support his conviction for unlawful possession of a firearm by a serious violent felon, and enhanced his sentence for unlawful possession of a firearm by a serious violent felon by ten years for a total aggregate sentence of eighteen years.

On May 25, 2006, Graham filed a motion to correct erroneous sentence, which the trial court denied on May 30, 2006. On June 20, 2006, Graham filed a *pro se* petition for post-conviction relief, which the trial court denied on March 14, 2007. On July 9, 2007, the trial court denied Graham's motion for reconsideration.

Since, Graham has made repeated attempts to bring this appeal which were

each dismissed by this court. Finally, on September 9, 2008, Graham filed a request for permission to file a successive petition for post-conviction relief. Thereafter, on October 7, 2008, we issued an order declining to authorize the filing of such a petition, but acknowledged that Graham may file a motion for permission to file a belated appeal with the trial court and that the trial court could, in its discretion, grant such permission pursuant to Ind. Post–Conviction Rule 2(1).

On October 17, 2008, Graham filed a motion for permission to file a belated direct appeal, which the trial court granted on October 23, 2008.[1]

Graham now appeals. Additional facts will be presented as necessary.

### DISCUSSION AND DECISION

Graham argues that the prohibition against double jeopardy was violated when the trial court convicted him of unlawful possession of a firearm by a serious violent felon, and then enhanced his sentence for that crime for being a habitual offender, because both the serious violent felon element and the habitual finding were based on his same prior conviction for robbery.[2] The State contends that Graham has waived this argument by pleading guilty.

■ Addressing the State's contention of waiver first, the State cites to several cases for the proposition that, when a defendant pleads guilty, he waives his right to challenge his sentence on double jeopardy grounds including: *Lee v. State,* 816 N.E.2d 35 (Ind.2004), *Games v. State,* 743 N.E.2d 1132 (Ind.2001), and *Griffin v. State,* 540 N.E.2d 1187 (Ind.1989). However, the applicability of these cases here is questionable. Each case relied upon the benefit conferred to the defendant by pleading guilty pursuant to a plea agreement to hold that the defendant could not later challenge the sentence he had bargained for. Specifically, in *Lee,* our supreme court stated, "A defendant may not enter a plea agreement calling for an illegal sentence, *benefit from that sentence,* and then later complain that it was an illegal sentence." 816 N.E.2d at 40 (emphasis added). More recently, in *Stites v. State,* 829 N.E.2d 527 (Ind.2005), our supreme court held that, although the trial court lacked statutory authority to order consecutive sentences under the circumstances, it had such authority by the terms of a plea agreement, and the defendant could not be heard to complain because she had benefited from that agreement. *Id.* at 529.

Here, Graham threw himself at the mercy of the court by "pleading open as charged." (Transcript p. 2). Of course, there may be some strategic benefit to pleading guilty as charged without a plea agreement. However, the significance of such a speculative benefit pales in comparison to the assured benefits conferred in the aforementioned cases. In *Lee,* the State dismissed an habitual offender allegation in exchange for a plea of guilty to

---

1. The State mentions, by footnote, that "nothing in the Record on Appeal establishes that Graham ever fulfilled the requirements for a belated appeal," and cites to our supreme court's opinions in *Johnson v. State,* 898 N.E.2d 290 (Ind.2008), and *Witt v. State,* 867 N.E.2d 1279, 1281 (Ind.2007). However, the State does nothing further to advance this argument, or even contend that such omission from the record has any consequences on appeal. Therefore, we will consider the arguments as presented.

2. Recent case law by our supreme court refers to the situation complained of by Graham as an instance of "double enhancement," but uses this term as a subset of double jeopardy. *See Pedraza v. State,* 887 N.E.2d 77, 80 (Ind. 2008), and *Mills v. State,* 868 N.E.2d 446, 452–53 (Ind.2007).

robbery. 816 N.E.2d at 37. In *Games,* the defendant pled guilty to murder, robbery, and conspiracy to commit robbery, and the State dropped its request for the death penalty. 743 N.E.2d at 1134. In *Griffin,* the defendant pled guilty to four counts of assisting a criminal, Class C felonies, in exchange for the dismissal of four counts of murder. 540 N.E.2d at 1188. And in *Stites,* the defendant pled guilty to murder in exchange for the State's agreement that it would not seek the death penalty and a stipulated sentence of forty years of imprisonment. 829 N.E.2d at 528. By pleading open to all charges, Graham received nothing but hope that the trial court would appreciate his owning up to his crimes and sentence him less harshly.

We considered a similar situation in *McElroy v. State,* 864 N.E.2d 392 (Ind.Ct. App.2007), *trans. denied.* McElroy pled guilty as charged without the benefit of a plea agreement. *Id.* at 396. He later alleged that his trial counsel was ineffective for failing to object at his sentencing hearing on double jeopardy grounds. *Id.* We concluded that McElroy did not receive any "advantageous position" by pleading guilty without an agreement, and therefore he could raise a double jeopardy argument following his guilty plea. *Id.*

■■■ Moving on to address the issue which Graham has presented, in *Mills v. State,* 868 N.E.2d 446, 447 (Ind.2007), our supreme court held "a person convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the person was a 'serious violent felon'." Therefore, the trial court has improperly enhanced Graham's sentence.

However, our supreme court refused to grant Mills relief because he had pled guilty and received the benefits of resolution of other charges and concurrent sentencing in exchange for his plea, and we must look further to determine what relief should be granted to Graham. *Id.* at 453. In *Sweatt v. State,* 887 N.E.2d 81 (Ind. 2008), Sweatt appealed his convictions for unlawful possession of a firearm by a serious violent felon and burglary. Sweatt argued "that the trial court erred by enhancing his sentence for burglary under the general habitual offender statute based on the same prior felony conviction supporting the serious violent felon count." *Id.* at 82. Relying largely on its prior analysis in *Mills,* our supreme court concluded that "[i]n a case where separate counts are enhanced based on the same prior felony conviction, ordering the sentences to run consecutively *has the same effect as if the enhancements both applied to the same count.*" *Id.* at 84 (emphasis added). However, the *Sweatt* court concluded that "a court may avoid double enhancement by attaching the habitual to some offense other than the [serious violent felon]," if the sentences for the conviction are concurrent. *Id.* For this reason, the *Sweatt* court remanded for the trial court to "consider whether to alter Sweatt's sentence to remedy this defect." *Id.* at 85. We conclude that the trial court which sentenced Graham should be given the same opportunity to remedy the defect in his sentence.[3]

---

**3.** Here, the habitual offender enhancement may only be attached to one of the other remaining felony counts, all of which are Class D felonies. As such, the maximum enhancement here is three times the advisory sentence, or four and one-half years. I.C. § 35–50–2· 8(h). Furthermore, any count that the trial court attaches the habitual offender enhancement to must be served concurrently to Graham's sentence for unlawful possession of a firearm by a serious violent felon.

## CONCLUSION

Based on the foregoing, we conclude that Graham has not waived his claim by pleading guilty without bargained for benefit, and the trial court erred by using the same underlying felony to support the conviction of Graham for unlawful possession of a firearm by a serious violent felon and to support an habitual offender finding used to enhance the sentence for that count. We remand for the trial court to remedy this sentencing defect.

Remanded with instructions.

DARDEN, J., and VAIDIK, J., concur.