**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**NORMAN G. TRENT**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NORMAN TRENT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  54A01-1202-CR-51 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONTGOMERY SUPERIOR COURT
The Honorable David A. Ault, Judge
Cause No. 54D01-1004-FD-153

**October 9, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Norman Trent appeals the trial court's denial of his motion to correct an allegedly erroneous sentence that was imposed following his plea of guilty to Possession of a Legend Drug,[1] a class D felony, and Possession of Marijuana,[2] a class A misdemeanor. Trent argues that the three years the trial court ordered him to serve on home detention exceeded that which is permitted by Indiana Code section 35-38-2.5-5.[3] Thus, Trent maintains that his sentence for home detention must be corrected to a term of six months, which is the minimum term of imprisonment prescribed for a class D felony.

Concluding that Trent is precluded from challenging the validity of his sentence because he received the benefits of his plea agreement for which he specifically bargained, we affirm the trial court's judgment.

FACTS

On April 15, 2010, the State charged Trent with possession of marijuana, two counts of possession of a controlled substance, a class D felony, and one count of possession of a legend drug, a class D felony.

Trent and the State entered into a plea agreement on June 7, 2010, whereby Trent agreed to plead guilty to possession of marijuana and possession of a legend drug in

---

[1] Ind. Code § 16-42-19-13.

[2] Ind. Code § 35-48-4-11.

[3] Indiana Code section 35-38-2.5-5 provides that "as a condition of probation a court may order an offender confined to the offender's home for a period of home detention . . . . (b) The aggregate time actually spent in home detention must not exceed . . . the minimum term of imprisonment prescribed for a felony under IC 35-50-2."

2

exchange for the dismissal of the remaining counts. The State also agreed not to file a habitual substance offender count against Trent.

On July 8, 2010, the trial court accepted the plea agreement and sentenced Trent to one year in the Montgomery County Jail on the marijuana charge and to three years in the Indiana Department of Correction on the possession of a legend drug count. The order provided that "any balance [after credit time was to] be served as a direct commitment to West Central Regional Community Corrections (West Central) on terms and conditions left to the sole discretion of the court." Appellant's App. p. 6. The trial court then ordered the sentence to "be an executed sentence as a direct commitment to West Central . . . for the entire three years" with home detention. Tr. p. 25 (emphasis added).

On January 30, 2012, Trent filed his motion to correct erroneous sentence, claiming that the home detention commitment exceeded the time period allowed in Indiana Code section 35-38-2.5-5. Inasmuch as this statute provides that the period of home detention should not exceed the minimum term of imprisonment, which in this case is six months because possession of a legend drug is a class D felony, Trent contended that the trial court should reduce his home detention to a period not to exceed six months.

The trial court denied Trent's motion the same day, stating that "defendant was sentenced in accordance with terms of plea agreement." Appellant's App. p. 5. Trent now appeals the denial of his motion to correct erroneous sentence.

3

DISCUSSION AND DECISION

In determining whether the trial court erred in denying Trent's motion, our Supreme Court has determined that a defendant "may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." Collins v. State, 509 N.E.2d 827, 833 (Ind. 1987) (holding that the defendant's conviction and plea agreement would not be set aside because his sentence was in accordance with the plea agreement and he received the benefit of that agreement). Also, in Lee v. State, 816 N.E.2d 35, 40 (Ind. 2004), it was observed that in some circumstances, the appropriate remedy to address an illegal sentence is to sever the illegal sentencing provision from the plea agreement, and remand the cause to the trial court with instructions to enter an order running the sentences concurrently. Id. However, the court in Lee adhered to the rationale that a defendant cannot challenge the legality of his sentence after receiving the bargained-for benefit of a plea agreement. Id.

It was also noted in Games v. State, 743 N.E.2d 1132, 1135 (Ind. 2001), that defendants who plead guilty to achieve favorable outcomes in the process of bargaining give up a plethora of substantive claims and procedural rights. As a result, the defendant in Games waived his double jeopardy claim. Id.

Finally, in 2005, it was reaffirmed that defendants are not permitted to challenge the legality of their sentences after receiving the benefits of their bargained-for plea agreements. See Stites v. State, 829 N.E.2d 527, 529 (Ind. 2005) (noting that "after striking this favorable bargain, Stites cannot now be heard to complain"). More

4

particularly, it was determined that Stites's sentence and conviction would not be set aside on the ground that the trial court lacked statutory authority to impose consecutive sentences. Id.

As discussed above, Trent entered into a plea agreement whereby the State agreed to dismiss two class D felony charges and not to file a habitual substance offender enhancement. Appellant's App. p. 6. In exchange, Trent pleaded guilty to one class D felony and to one class A misdemeanor. Moreover, the plea agreement specified Trent's sentence, in that he was to serve three years as a direct commitment to West Central, and the terms and conditions of that commitment were left to the discretion of the trial court. Id. Indeed, the trial court adhered to the sentence that was set forth in the plea agreement and ordered Trent to serve three years in home detention through West Central. Id. at 8.

While Trent received the benefit that he specifically bargained for, he nonetheless challenges the legality of this bargained-for sentence on appeal. Appellant's Br. p. 3-4. In our view, the fact that Trent received the tangible benefit of having half of his charges dismissed, along with the State's agreement not to file a habitual substance offender enhancement, clearly distinguishes this case from other decisions that have found Lee, Games, and Stites inapposite. See, e.g., Graham v. State, 903 N.E.2d 538, 540-41 (Ind. Ct. App. 2009) (finding that the defendant could challenge the legality of his sentence because the benefit he received by pleading "open as charged," was only "negligible"). We succinctly summarized such cases in Graham and concluded that "[e]ach case relied upon the benefit conferred to the defendant by pleading guilty pursuant to a plea

5

agreement to hold that the defendant could not later challenge the sentence he bargained for." Id. at 540.

We reach the same result here, and note that Trent received the benefits that he bargained for including the sentence that the trial court imposed. Therefore, Trent is precluded from challenging the legality of his sentence, and we conclude that the trial court properly denied his motion to correct erroneous sentence.

The judgment of the trial court is affirmed.[4]

ROBB, C.J., and BRADFORD, J., concur.

---

[4] In light of our discussion above, we need not discuss the impact that Indiana Code section 35-38-2.5-5 has on the circumstances here. However, we note that this statute is entitled "Home detention as condition of probation." Moreover, the statute specifically applies to instances where a defendant is sentenced to home detention "as a condition of probation."

As we pointed out, the executed portion of Trent's sentence was a "direct commitment with West Central . . . with electronically monitored home detention." Appellant's App. p. 8. And the trial court specifically pronounced that the sentence "shall be an executed sentence as a direct commitment to West Central . . . for the entire three years." Tr. p. 25 (emphasis added). The trial court did not suspend Trent's sentence to home detention and make it a condition of probation. Thus, the limitation set forth in Indiana Code section 35-38-2.5-5 likely does not apply in this instance.