## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 28 2015, 10:18 am

CLERK
of the supreme court,
court of appeals and
tax court

**APPELLANT PRO SE**

Marlon Maximillian Banks
Westville, Indiana

**ATTORNEY FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marlon M. Banks,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

April 28, 2015

Court of Appeals Case No. 20A04-1403-PC-102

Appeal from the Elkhart Superior Court
The Honorable Stephen R. Bowers, Judge
Cause Nos. 20D02-1012-PC-5, 20D02-0504-FC-68

**Bailey, Judge.**

# Case Summary

Pro-se Petitioner Marlon Maximillian Banks ("Banks") appeals the denial of his petition for post-conviction review. We affirm.

# Issues

Banks purports to have consolidated eighteen issues raised in his three-hundred-eighty-two-page post-conviction petition into ten issues for appeal. As best we can discern, he attempts to challenge the burden of proof applicable in post-conviction proceedings, to raise free-standing issues arising from his trial, and to challenge the performance of trial and appellate counsel. We address those issues which are not waived, res judicata, or procedurally defaulted,[1] that is, whether Banks received the effective assistance of trial and appellate counsel.

# Facts and Procedural History

---

[1] Post-conviction procedures do not afford petitioners with a "super-appeal"; rather, the post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions. *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006). The purpose of a petition for post-conviction relief is to provide petitioners the opportunity to raise issues not known or available at the time of the original trial or direct appeal. *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007). If an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed. *Id.* If an issue was raised and decided on direct appeal, it is res judicata. *Id.* Moreover, collateral challenges to convictions must be based upon grounds enumerated in the post-conviction rule. *Shanabarger v. State*, 846 N.E.2d 702, 707 (Ind. Ct. App. 2006), *trans. denied*; *see also* Post-Conviction Rule 1(1). To the extent that Banks attempts to raise free-standing issues with regard to the severance of the charges and admission of evidence, they are not properly addressed through post-conviction proceedings. *Bunch v. State*, 778 N.E.2d 1285, 1289 (Ind. 2002). To the extent that Banks attempts to challenge the burden of proof imposed upon him by Post-Conviction Rule 1 and the allocation of credibility determinations to the post-conviction court, these are not enumerated grounds for post-conviction relief.

[3] In 2001, 2002, and 2003, Banks used a computer program to generate fraudulent payroll checks. He approached several different individuals who desired extra money to pay for drugs and enticed them into cashing the checks for a portion of the proceeds.

[4] On April 1, 2005, Banks was charged with twelve counts of Forgery, class C felonies.[2] His attorney filed a pre-trial motion to sever the counts into multiple trials. The State opposed the motion, and the trial court denied it. On November 18, 2005, successive counsel Eric Kinsman ("Kinsman") also moved for severance. The second motion for severance was denied.

[5] Prior to trial, Banks and Kinsman signed a stipulation to the effect that individuals identified in the charging informations had committed forgery. Kinsman then argued that they were thieves and liars and did not provide credible testimony against Banks. On March 2, 2006, a jury convicted Banks of all counts against him. He was sentenced to forty-four years imprisonment, with fourteen years suspended to probation.

[6] Banks appealed, challenging his sentence on grounds that his conduct had constituted a single episode of criminal conduct and he was entitled to be sentenced accordingly. A panel of this Court affirmed the sentence. *Banks v. State*, No. 20A03-0609-CR-442 (Ind. Ct. App. May 17, 2007).

---

[2] Ind. Code § 35-43-5-2. The offense is now a Level 6 felony.

On December 15, 2010, Banks filed a pro-se petition for post-conviction relief. The post-conviction court conducted hearings on July 28, 2011, August 29, 2012, and September 11, 2012. On January 30, 2014, the post-conviction court entered its findings of fact, conclusions, and order denying Banks post-conviction relief. Banks filed a motion to correct error, which was denied. He now appeals.

*Standard of Review*

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. *Id.* In this review, findings of fact are accepted unless they are clearly erroneous and no deference is accorded to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

*Effectiveness of Trial Counsel*

[9] Effectiveness of counsel is a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698 (1984). We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in *Strickland*. *Id.* To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and resulting prejudice. *Dobbins v. State*, 721 N.E.2d 867, 873 (Ind. 1999) (citing *Strickland*, 466 U.S. at 687). Deficient performance is that which falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687; *see also Douglas v. State*, 663 N.E.2d 1153, 1154 (Ind. 1996). Prejudice exists when a claimant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Cook v. State*, 675 N.E.2d 687, 692 (Ind. 1996). The two prongs of the *Strickland* test are separate and independent inquiries. *Strickland*, 466 U.S. at 697. Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

[10] We "strongly presume" that counsel provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002). Counsel is to be afforded considerable discretion in the choice of strategy and tactics. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001). Counsel's conduct is assessed based upon the facts known at the time and not through hindsight. *State v. Moore*, 678 N.E.2d

1258, 1261 (Ind. 1997). We do not "second-guess" strategic decisions requiring reasonable professional judgment even if the strategy in hindsight did not serve the defendant's interests. *Id.* In sum, trial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside the objective standard of reasonableness. *Autrey v. State*, 700 N.E.2d 1140, 1141 (Ind. 1998).

[11] A primary theme in Banks' ineffectiveness of trial counsel argument is that counsel did not prevent a joint trial on all twelve counts. According to Banks, he was entitled to twelve separate trials. He is apparently of the opinion that convictions arising from separate trials would have ensured concurrent sentences.

[12] The trial record indicates that Banks' initial counsel and subsequent counsel moved for severance of the twelve counts against Banks.[3] Banks implicitly

---

[3] Indiana Code Section 35-34-1-11(a) provides:

> Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering: (1) the number of offenses charged; (2) the complexity of the evidence to be offered; and (3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

concedes this, but now argues that "the trial record clearly proves that Kinsman failed to preserve and renew severance issue at [the] end of trial." (Appellant's Br. at 12.) He cites no authority for the proposition that an attorney is obliged to renew a motion for severance of counts after the presentation of evidence.

[13] Moreover, to the extent that Banks argues counsel's argument on severance was inadequate because the joint trial proceeded, Banks also lacks authority for the proposition that counsel *must* achieve a result desirable to a defendant or be found ineffective. Kinsman moved for severance, argued that severance was mandatory if the counts were joined solely because of their similarity, and urged the trial court to find that the counts did not reflect a single scheme or plan. Trial counsel's efforts and strategy, although they did not ultimately achieve the result desired by Banks, were not so unreasonable as to fall outside professional norms. *See Badelle v. State*, 754 N.E.2d 510, 539 (Ind. Ct. App. 2001) (deciding in relevant part that, when trial counsel's efforts were "more than adequate" to support a chosen defense, counsel's decision not to call or seek out additional witnesses was a judgment call within the wide range of reasonable assistance), *trans. denied*.

[14] Banks also faults counsel for failure to tender an instruction specifying to the jury that each count was to be given separate consideration and that "any verdict for one count was not controlling as to the other(s)." (Appellant's Br. at 13.) He does not identify authority suggesting that he was entitled to an instruction of this type. Nevertheless, the jury was instructed that the State had to prove beyond a reasonable doubt each element alleged in each of the

charging informations. Each of the charging informations contained the language as to the State's burden of proof and set forth separate allegations as to check number, date, location, and presenter. Banks has demonstrated no prejudice from the alleged instructional omission.

[15] Banks makes a generic claim that trial counsel should have objected to evidence that was inadmissible pursuant to Indiana Trial Rule 404(b) and, at a minimum, should have requested a limiting instruction with regard to 404(b) evidence. Although Banks does not provide specificity with regard to the evidence he desired to have excluded, it is apparent that counsel lodged Trial Rule 404(b) objections against certain evidence he considered unduly prejudicial. He also requested a limiting instruction with regard to certain evidence. Simply put, trial counsel's objections to the admission of certain evidence were overruled, and trial counsel is not ineffective for obtaining unfavorable rulings.

[16] Also, according to Banks, counsel should have pursued a defense strategy of disclosing a master forger other than Banks and showing that Banks had been misidentified. We observe that a bald assertion of counsel's omissions or mistakes are inadequate to support a post-conviction claim of ineffectiveness of counsel. *See Tapia v. State*, 753 N.E.2d 581, 587 (Ind. 2001).

[17] Banks claims that counsel wrongly acquiesced in the giving of an accomplice liability instruction that violated Banks' due process rights by shifting the burden of proof from the State to him. The jury was instructed as follows:

I.C. 35-41-2-4. Aiding, inducing, or causing an offense.

A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

1. Has not been prosecuted for the offense;

2. Has not been convicted of the offense; or

3. Has been acquitted of the offense.

(P-C.R. Exhibits, Final Instruction 4.) Banks accurately observes, citing *Sandstrom v. Montana*, 442 U.S. 510, 524 (1979), that due process requires the State to prove every element of an offense beyond a reasonable doubt. He then concludes, without reference to relevant legal authority, that the foregoing instruction "doubtlessly convinced reasonable jurors that they were required to presume Banks was guilty as States witnesses unless Banks persuaded them otherwise." (Appellant's Br. at 35.) A mere assertion of error, without more, will not support an ineffectiveness claim. *See Tapia*, 753 N.E.2d at 587.

[18] Banks argues that trial counsel relinquished Banks' right to a fair trial and caused an "effective" plea of guilty to twelve counts of forgery by stipulating to some of the requisite elements. Pursuant to Indiana Code Section 35-43-5-2(d):

[a] person who, with intent to defraud, makes, utters, or possesses a written instrument in such a manner that it purports to have been made: (1) by another person; (2) at another time; (3) with different provisions; or (4) by authority of one who did not give authority; commits forgery, a Level 6 [formerly Class C] felony.

Counsel stipulated, in essence, that forgeries had occurred. He did so with the explicit acquiescence of Banks, as evidenced by Banks' signature. By

agreement between the State and Banks, the factual issue remaining for the jury was whether Banks had aided or abetted in any of those stipulated forgeries.

[19] The fact that forgeries occurred did not incriminate Banks. Banks' defense was that he was not a party to those forgeries. Counsel vigorously argued that the alleged co-conspirators were dishonest and that their identification of Banks as a forger was unworthy of belief. Although this defense strategy was ultimately unsuccessful, it was not unreasonable.

[20] Banks also makes a cursory allegation that counsel permitted the State to present false evidence. We note that post-conviction proceedings are not designed to permit attacks upon trial witness credibility, but rather to address issues demonstrably unavailable at trial and on direct appeal. *Sanders v. State*, 765 N.E.2d 591, 592 (Ind. 2002).

[21] With regard to counsel's alleged failures to address out-of-court witness statements, object to vouching testimony, and oppose violations of a motion in limine, Banks has not developed a cogent argument with appropriate citations. A party waives any issue raised on appeal where the party has failed to develop a cogent argument or provide adequate citation to authority and portions of the record. *Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005), *trans. denied*. Banks has failed to comply with Appellate Rule 46 and we will not review bald assertions of error.

*Effectiveness of Appellate Counsel*

[22]     A defendant is entitled to the effective assistance of appellate counsel. *Stevens v. State*, 770 N.E.2d 739, 760 (Ind. 2002). The two-pronged standard for evaluating the assistance of trial counsel first enunciated in *Strickland* is applicable to appellate counsel ineffective assistance claims. *Bieghler v. State*, 690 N.E.2d 188, 192 (Ind. 1997). There are three basic categories of alleged appellate ineffectiveness: (1) denying access to an appeal, (2) waiver of issues, and (3) failure to present issues well. *Id.* at 193-95. Here, the second category is implicated.

[23]     "To show that counsel was ineffective for failing to raise an issue on appeal thus resulting in waiver for collateral review, the defendant must overcome the strongest presumption of adequate assistance, and judicial scrutiny is highly deferential." *Henley v. State*, 881 N.E.2d 639, 645 (Ind. 2008). Upon review, the performance prong is evaluated by applying the following test: (1) whether the unraised issues are significant and obvious from the face of the record and (2) whether the unraised issues are clearly stronger than those raised. *Id.*

[24]     Banks contends that his appellate counsel should have established that the ultimate effect of failure to sever was that Banks improperly received consecutive as opposed to concurrent sentences. According to Banks, appellate counsel ignored the import of Indiana Code Section 35-50-1-2, pertaining to the imposition of consecutive and concurrent terms of imprisonment. Banks insists that, had he been tried separately on each count, he would never have been subject to consecutive sentences.

[25] Banks relies upon *Kendrick v. State*, 529 N.E.2d 1311, 1312 (Ind. 1988), to support his claim that consecutive sentences would have been prohibited. However, the *Kendrick* decision was superseded by statute, as recognized in *Stites v. State*, 829 N.E.2d 527, 529 (Ind. 2005). "The [former] statute governing consecutive sentences was limited to those occasions where the court was meting out two or more terms of imprisonment at one time." *Id*. The statute relative to consecutive and concurrent terms had been amended prior to Banks' sentencing.[4] In 1994, Indiana Code Section 35-50-1-2(a) was amended to provide: "The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time."[5] Accordingly, Banks has not explained how appellate counsel, within the bounds of the law, could have achieved a different outcome.

[26] As for other issues omitted on direct appeal, Banks baldly asserts that appellate counsel "knowingly, voluntarily decided to waive Banks' right to assert obvious issue(s)." (Appellant's Br. at 39.) Banks then fails to specifically identify those issues and develop a cogent argument with appropriate citations. Again, we require compliance with Indiana Appellate Rule 46 and we will not review bald assertions of error.

---

[4] *See Weaver v. State*, 664 N.E.2d 1169, 1170-71 (Ind. 1996) (observing "although the legislature essentially overturned the contemporaneity requirement of *Seay* and *Kendrick* with the 1994 amendment, the legislation doing so became effective after sentence was imposed.")

[5] This provision now appears at subsection (c).

Finally, Banks asserts that appellate counsel decided not to file a petition to transfer but then delayed his withdrawal until after the relevant time period had expired, "preventing Banks from acting on his own behalf." (Appellant's Br. at 41.) Although Banks suggests he would have pursued a pro-se petition to transfer, he does not develop an argument as to the merits of that petition, such that he might establish prejudice from its omission.

# Conclusion

Banks has not overcome the presumption that he received the effective assistance of trial and appellate counsel. Accordingly, the post-conviction court properly denied Banks' petition for post-conviction relief.

Affirmed.

Riley, J., and Barnes, J., concur.