## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 25 2015, 6:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Corey L. Scott
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Derrick Hicks,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 25, 2015

Court of Appeals Case No.
49A02-1504-CR-195

Appeal from the Marion Superior Court.
The Honorable Christina Klineman, Judge Pro Tempore.
Cause No. 49G05-1208-FA-55873

## Garrard, Senior Judge

[1] Derrick Hicks pleaded guilty to attempted child molesting, a Class A felony;[1] three counts of child molesting, two as Class A felonies and one as a Class C

---

[1] Ind. Code §§ 35-42-4-3 (1998) (child molesting), 35-41-5-1 (1977) (attempt).

felony;[2] Rape, a Class B felony;[3] two counts of Incest,[4] both Class B felonies, and Battery, a Class D felony.[5] He appeals his convictions, alleging double jeopardy violations. Hicks also appeals his sentence. We affirm in part, reverse in part, and remand.

[2] In 2006, Hicks gained custody of his eight-year-old daughter, M.W., and moved her into his Marion County home. Shortly after M.W. moved in, Hicks touched M.W.'s genitals, over and under her clothes. He touched her genitals repeatedly over the next two years. When she turned ten or eleven, Hicks forced her to submit to sexual intercourse. This occurred at least twenty times while they lived in Marion County. On one occasion, M.W. resisted sexual intercourse, and Hicks struck her in the face with a closed fist to compel her to submit.

[3] In September 2010, Hicks and M.W. moved to Lake County, Indiana, where Hicks continued to require M.W. to submit to sexual intercourse. M.W. discovered she was pregnant, and she gave birth to a child at the age of twelve. Hicks consented to DNA testing, which revealed that he was the father of M.W.'s child.

---

[2] Ind. Code § 35-42-4-3.

[3] Ind. Code § 35-42-4-1 (1998).

[4] Ind. Code § 35-46-1-3 (1994).

[5] Ind. Code § 35-42-2-1 (1998).

[4] The State charged Hicks with several crimes arising from his molestations of M.W. in Lake County. He pleaded guilty and was sentenced to seventy years. Hicks appealed, and a panel of this Court affirmed his sentence. *Hicks v. State*, No. 45A03-1307-CR-265 (Ind. Ct. App. Apr. 29, 2014), *trans. denied*.

[5] Meanwhile, this case began when the State charged Hicks with attempted child molesting, three counts of child molesting, rape, two counts of incest, and battery for his crimes against M.W. while they lived in Marion County. He waived his right to a jury trial. Later, Hicks stated that he wanted to plead guilty to all charges without a plea agreement.

[6] At the guilty plea hearing, Hicks agreed that he had read the charging information, that the charging information was accurate, and that he was guilty of the charges. The State set forth a factual basis for each of the charges, including a statement that Hicks had molested M.W. on a weekly basis. Hicks agreed that the State's factual basis was true. He then pleaded guilty to each of the charges. The trial court entered a judgment of conviction on the first three counts (attempted child molesting and two counts of child molesting, all Class A felonies) and took the rest of the counts under advisement pending sentencing.

[7] At the sentencing hearing, the court entered a judgment of conviction on the remaining five counts and sentenced Hicks to an aggregate sentence of eighty-four years, to be served consecutively to the sentence that was imposed in Lake County. This appeal followed.

[8] Hicks argues that his convictions violate Indiana's constitutional prohibition of double jeopardy because he says the State cited the same evidence multiple times to support multiple convictions. Ind. Const. art. I, sec. 14. The State argues that Hicks waived this claim by pleading guilty. We agree with the State.

[9] It is well-established that when a party pleads guilty pursuant to a plea agreement, he or she waives the right to raise a double jeopardy claim on direct appeal. *See Mapp v. State*, 770 N.E.2d 332, 334-35 (Ind. 2002) ("Defendants waive a whole panoply of rights by voluntarily pleading guilty"). Here, Hicks pleaded guilty without the benefit of a plea agreement. A panel of this Court concluded that a defendant who pleads guilty without a plea agreement may challenge a facially duplicative double enhancement on direct appeal. *See Graham v. State*, 903 N.E.2d 538, 541 (Ind. Ct. App. 2009).

[10] We distinguish Hicks's case from the facts in *Graham*. In general, a defendant who pleads guilty is entitled to raise a double jeopardy claim on direct appeal if the charges against the defendant are facially duplicative. *Griffin v. State*, 540 N.E.2d 1187, 1188 (Ind. 1989) (citing *Menna v. New York*, 423 U.S. 61, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975)).

[11] Hicks presents a double jeopardy claim under the Indiana Constitution, asserting that many of his convictions violate the "actual evidence test" because the same evidentiary facts were used to support multiple convictions. Appellant's Brief p. 3. Application of the actual evidence test requires a

reviewing court to look at the evidence presented and decide whether each challenged offense was established by separate, distinct facts. *Sloan v. State*, 947 N.E.2d 917, 924 (Ind. 2011).

[12] Hicks's double jeopardy claim goes beyond the face of the charging information and would require an examination of the record. The record is much less developed than it would have been if the case had gone to trial because Hicks's guilty plea relieved the State of the burden of presenting its full case. We conclude that Hicks has waived his double jeopardy claim for direct appellate review. *See Tumulty v. State*, 666 N.E.2d 394, 396 (Ind. 1996) (defendant waived right to challenge voluntariness of guilty plea on direct appeal).

[13] Next, Hicks claims that his sentence is inappropriate in light of the nature of the offense and the character of the offender. We are unable to address this claim due to errors in the sentencing order and must remand for correction.

[14] When oral and written sentencing statements conflict, we examine them together to attempt to discern the intent of the sentencing court. *See Vaughn v. State*, 13 N.E.3d 873, 890 (Ind. Ct. App. 2014), *trans. denied*. The record demonstrates substantial disparities between the trial court's oral statement at the sentencing hearing and the sentencing order. For example, at the sentencing hearing, the court imposed a sentence of fifty years on Count III (child molesting) and seventeen years each for Count IV (rape) and Count V (incest). In the sentencing order, the court imposed seventeen years on Count III, seventeen years on Count IV, and fifty years on Count V. The State

correctly points out that a fifty-year sentence on Count V would have exceeded the maximum sentence allowed by statute for incest as a Class B felony. Furthermore, during the sentencing hearing the trial court identified which sentences would be served concurrently or consecutively, but in the sentencing order the court did not state for Counts III, IV, V, and VI whether the sentences would be served concurrently or consecutively as to each other or any other conviction.

[15] Given these disparities, it is necessary to remand to the trial court with instructions to issue an amended sentencing order that sets forth the sentence for each conviction and states whether the sentences are to be served consecutively or concurrently.

[16] For the foregoing reasons, we conclude Hicks has waived his double jeopardy claim, but we reverse the trial court's sentencing order and remand for issuance of a corrected order.

[17] Affirmed in part, reversed in part, and remanded.

Barnes, J., and Bradford, J., concur.