**Phillip LEE, Appellant**
**(Petitioner below),**

v.

**STATE of Indiana, Appellee**
**(Respondent below).**

**No. 02S03–0310–PC–463.**

Supreme Court of Indiana.

Oct. 19, 2004.

Susan K. Carpenter, Public Defender of
Indiana, Chris Hitz–Bradley, Deputy Pub-

lic Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

RUCKER, Justice.

The question presented is whether an illegal sentence imposed pursuant to a plea agreement automatically renders the entire agreement void. We conclude it does not.

### Facts and Procedural History

In 1988, the State charged Phillip Lee with robbery as a Class C felony and also alleged that he was an habitual offender. Under the terms of a written plea agreement Lee pleaded guilty to the robbery charge in exchange for the State's dismissal of the habitual offender allegation. Also under the terms of the agreement, the trial court sentenced Lee to a term of eight years imprisonment, to run consecutively to a three-year sentence Lee was serving for an unrelated theft conviction. Lee eventually served both sentences and was discharged.

In 1996, Lee was charged with dealing in cocaine as a Class A felony. He was also alleged to be an habitual offender based on the prior theft and robbery convictions. After a trial by jury Lee was found guilty as charged and was found to be an habitual offender. The trial court sentenced Lee to fifty years for the dealing conviction enhanced by thirty years for the habitual offender adjudication. Lee's conviction and sentence were affirmed on direct appeal. *See Lee v. State*, 694 N.E.2d 719 (Ind.1998).

Presently serving an eighty-year sentence, and in an effort to have his habitual offender adjudication set aside, Lee filed a petition for post-conviction relief challenging his prior robbery conviction. After a hearing the post-conviction court denied relief. On review the Court of Appeals reversed. *See Lee v. State*, 792 N.E.2d 603 (Ind.Ct.App.2003). Having previously granted transfer we now affirm the judgment of the post-conviction court.

### Discussion

In general a trial court cannot order consecutive sentences in the absence of express statutory authority. *Baromich v. State*, 252 Ind. 412, 249 N.E.2d 30, 33 (1969). At the time Lee committed the offense the statute governing consecutive sentences was limited to those occasions where the court was meting out two or more terms of imprisonment contemporaneously. *See Kendrick v. State*, 529 N.E.2d 1311, 1312 (Ind.1988), *superseded by statute*. In this case Lees sentences for robbery and theft were not being imposed contemporaneously. As a result the trial court lacked statutory authority to order the sentences to be served consecutively. According to Lee, "an illegal sentencing provision voids the entire plea agreement and requires vacation of the conviction and sentence entered under the agreement." Br. of Appellant at 1, 2. In support Lee cites *Sinn v. State*, 609 N.E.2d 434 (Ind. Ct.App.1993) and *Thompson v. State*, 634 N.E.2d 775 (Ind.Ct.App.1994).

In *Sinn* the defendant entered a plea agreement that included a consecutive sentence. He thereafter filed a motion to correct the sentence, which the trial court denied. The State argued that based on contract law principles Defendant Sinn was bound by his agreement. Not completely rejecting the contract law argument, the Court of Appeals observed:

> As logical and attractive as the State's argument is, it must be rejected. Sinn would prevail under contract law standards: a contract made in violation of statute is void and unenforceable.

Moreover, we cannot sanction an illegal sentence simply because it was the product of an agreement. For example, although ludicrous, we would not enforce a sentence of death for jay walking simply because the sentence was the product of a plea agreement.

*Sinn*, 609 N.E.2d at 436 (citation omitted). Similarly in *Thompson*, the defendant entered a plea agreement that called for a consecutive sentence. Like Sinn, Defendant Thompson subsequently filed a motion to correct erroneous sentence, which the trial court denied. On appeal the State made the same argument it made in *Sinn*. Quoting *Sinn*, the *Thompson* court concluded, "the conviction and sentence entered pursuant to the illegal plea agreement must be vacated." *Thompson*, 634 N.E.2d at 778. The State has made similar arguments in other cases, all of which have been rejected. *See, e.g., Badger v. State*, 754 N.E.2d 930, 932–36 (Ind.Ct.App. 2001); *Smith v. State*, 717 N.E.2d 239, 240–41 (Ind.Ct.App.1999).

■ Our courts have long held that plea agreements are in the nature of contracts entered into between the defendant and the State. *See, e.g., Bennett v. State*, 802 N.E.2d 919, 921 (Ind.2004); *Gist v. State*, 804 N.E.2d 1204, 1206 (Ind.Ct.App. 2004), *trans. not sought; Spivey v. State*, 553 N.E.2d 508, 510 (Ind.Ct.App.1990); *Epperson v. State*, 530 N.E.2d 743, 745 (Ind.Ct.App.1988). As this Court has explained:

[A] plea agreement is contractual in nature, binding the defendant, the state and the trial court. The prosecutor and the defendant are the contracting parties, and the trial courts role with respect to their agreement is described by statute: If the court accepts a plea

agreement, it shall be bound by its terms.

*Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind.1994) (citation and quotation omitted). Declaring that plea agreements are contractual is not particularly remarkable. Several federal circuits have embraced this approach as well. *See, e.g., Carmine v. U.S.*, 974 F.2d 924, 928 (7th Cir.1992) ("This circuit regards plea agreements as contracts conferring all of the attendant rights and obligations governed by ordinary principles of contract law."); *U.S. v. Reardon*, 787 F.2d 512, 516 (10th Cir.1986) ("Courts have frequently looked to contract law analogies in determining the rights of defendants aggrieved in the plea negotiation process."); *U.S. v. Baldacchino*, 762 F.2d 170, 179 (1st Cir.1985) ("[P]lea bargains are subject to contract law principles insofar as their application will insure the defendant what is reasonably due him."); *U.S. v. Arnett*, 628 F.2d 1162, 1164 (9th Cir.1979) (noting that a "plea bargain is contractual in nature") (quotation omitted).

■ Because important due process rights are involved, contract law principles although helpful are not necessarily determinative in cases involving plea agreements. For example we of course agree that "we would not enforce a sentence of death for jay walking simply because the sentence was the product of a plea agreement." *Sinn*, 609 N.E.2d at 436. Nonetheless, precisely because plea agreements are contracts, the principles of contract law can provide guidance in the consideration of the agreement. *Griffin v. State*, 756 N.E.2d 572, 574 (Ind.Ct.App.2001), *trans. denied*.

■ It is true that as a general proposition a contract made in violation of a statute is void and unenforceable.[1] *See*

---

1. We recently made a similar observation in

*Bennett v. State*, 802 N.E.2d 919, 922 n. 2

*Tolliver v. Mathas,* 512 N.E.2d 187, 189 (Ind.Ct.App.1987), *trans. denied,* (Ind.Ct. App.1989). However it is also true that if a contract contains an illegal provision that can be eliminated without frustrating the basic purpose of the contract, the court will enforce the remainder of the contract. *Harbour v. Arelco, Inc.,* 678 N.E.2d 381, 385 (Ind.1997); *see also* 17A C.J.S. Contracts 297 (1999) ("[T]he fact that one part of an agreement may be void or unenforceable does not render the entire agreement void, if the prohibited and valid provisions are severable, and if the parties would have entered the bargain absent the illegal portion of the original agreement."). These principles apply even where the illegal or otherwise objectionable provision is prohibited by statute. *See, e.g., Contl. Basketball Assn., Inc. v. Ellenstein Enters., Inc.,* 669 N.E.2d 134, 141 (Ind.1996) (declaring franchise agreement valid even though not in compliance with the Disclosure Act); *Jaehnen v. Booker,* 806 N.E.2d 31, 34 (Ind.Ct.App.2004) (statute invalidating cognovit notes did not render entire agreement void), *trans. denied; Wells v. Vandalia R.R. Co.,* 56 Ind.App. 211, 103 N.E. 360, 362 (1913) (wages collected under an assignment of wages which was prohibited by statute did not invalidate entire contract because invalid provision was separable from the remaining contract).

▮▮▮ In this case Lee argued, "As with most plea agreements, the illegal sentencing provision was *the* material provision of his plea agreement" and thus cannot be severed from the rest of the agreement, "because doing so would eviscerate the contract to the point where the contract ceased to exist altogether." Reply Br. of Appellant at 3. Although we

acknowledge that a sentencing provision is an important component of a plea agreement, we do not agree that severing the sentence provision necessarily does violence to the remainder of the agreement. This is so because "the *consequences* of a guilty plea are collateral to the paramount issue of guilt or innocence." *White v. State,* 497 N.E.2d 893, 904 (Ind.1986) (emphasis in original). Thus, where a defendant enters a plea of guilty knowingly, intelligently, and voluntarily, there is no compelling reason to set aside the conviction on grounds that the sentence is later determined to be invalid. Although not previously expressed in terms of contract law principles, this view is consistent with the approach our courts have taken on other occasions. *See id.* at 906 (affirming defendants conviction for burglary and theft, but vacating that portion of the plea agreement that required the sentences to run consecutive to a sentence imposed in an unrelated case); *see also Dragon v. State,* 774 N.E.2d 103, 108–09 (Ind.Ct.App. 2002) (sentence entered pursuant to a plea agreement remanded for resentencing where trial court lacked authority to order sentence to run consecutive to sentence imposed in unrelated case), *trans. denied; Willis v. State,* 498 N.E.2d 1029, 1033 (Ind.Ct.App.1986) (affirming defendants murder conviction but vacating that portion of plea agreement that included an erroneous thirty-year probationary term).

In the case before us Lee makes no claim that his guilty plea was entered unknowingly, unintentionally, or involuntarily. The record shows that the evidence against Lee on the charge of robbery was overwhelming. By agreeing to plead guilty to the charge in exchange for the State dismissing an habitual offender allegation, Lee reduced his penal exposure by

(Ind.2004). This is the first occasion however that we have explored the matter in any de-

tail.

thirty years. *See* Ind.Code 35–50–2–8(e). Lee does not contend that he would have taken his chances and gone to trial had he known that the trial court lacked the statutory authority to run his eight-year sentence for robbery consecutive to his three-year sentence in the unrelated theft conviction, for a total of eleven years.

 Under some circumstances, the appropriate remedy to address an illegal sentence like the one here is to sever the illegal sentencing provision from the plea agreement, and remand the cause to the trial court with instructions to enter an order running the sentences concurrently. However Lee is entitled to no such relief.[2] A defendant "may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." *Collins v. State*, 509 N.E.2d 827, 833 (Ind. 1987). As this Court has more recently explained: "[D]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy. Striking a favorable bargain including a consecutive sentence the court might otherwise not have the ability to impose falls within this category." *Davis v. State*, 771 N.E.2d 647, 649 n. 4 (Ind. 2002) (citation and quotation omitted).

### Conclusion

We affirm the judgment of the post-conviction court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.

---

**2.** Even if Lee were so entitled, it would be of no benefit. He has already served his sentence. Once "sentence has been served, the issue of the validity of the sentence is rendered moot." *Irwin v. State*, 744 N.E.2d 565, 568 (Ind.Ct.App.2001) (quotation omitted).