Bruce GONZALES, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–0501–PC–25.

Court of Appeals of Indiana.

July 29, 2005.

Transfer Denied Sept. 28, 2005.

Susan K. Carpenter, Public Defender of Indiana, J. Jeffreys Merryman, Jr., Deputy Public Defender, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Bruce Gonzales appeals the denial of his post-conviction relief petition. We affirm.

## Issues [1]

Gonzales raises one issue, which we restate as whether the post-conviction court properly denied his petition alleging that the trial court erroneously imposed consecutive sentences following his guilty plea.

## Facts

On November 7, 1986, the State charged Gonzales with Class A felony rape. The State later charged Gonzales with an additional count of Class B felony rape. On October 16, 1987, Gonzales pled guilty to one count of class B felony rape. Pursuant to the plea agreement, the Class A felony rape charge was dismissed, and Gonzales was sentenced to ten years, which was ordered to run consecutive to three previously imposed, unrelated sentences.

On July 31, 2001, Gonzales filed a petition for post-conviction relief, which was subsequently amended several times. On May 14, 2004, the post-conviction court held a hearing on Gonzales's claims that he received ineffective assistance of counsel and that the imposition of consecutive sentences rendered his sentence illegal. The post-conviction court denied his petition, and Gonzales now appeals.

## Analysis

■ Gonzales argues that the post-conviction court should have granted his petition because ordering his ten-year sentence on the rape conviction to run consecutive to other unrelated sentences constitutes an illegal sentence. On appeal from the denial of his petition for post-conviction relief, Gonzales is appealing a negative judgment. *See Fisher v. State*, 810 N.E.2d 674, 679 (Ind.2004). He must show that the evidence, when taken as a whole, leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *See id.* We will disturb the post-conviction court's decision only if the evidence is without conflict and leads to but one conclusion and the post-conviction court has reached the opposite conclusion. *Id.*

Gonzales argues in detail that *Kendrick v. State*, 529 N.E.2d 1311, 1312 (Ind.1988), *superceded by statute*, which limited a trial court's ability to impose consecutive sentences, should apply retroactively to Gonzales's guilty plea and sentence. It is settled that because the sentences were not imposed contemporaneously, the trial court was without authority to order them to run consecutively. *See Lee v. State*, 816 N.E.2d 35, 37 (Ind.2004).

■ Our analysis does not end there, however. In *Lee*, a factually similar case, our supreme court concluded that although the trial court was without authority to impose consecutive sentences, the guilty plea was not invalid. *Id.* at 39. Specifically, "where a defendant enters a plea of guilty knowingly, intelligently, and voluntarily, there is no compelling reason to set aside the conviction on grounds that the sentence is later determined to be invalid." *Id.*

The court reasoned that a defendant "may not enter a plea agreement calling

---

1. Gonzales asserts that he received ineffective assistance of trial counsel because counsel should not have allowed him to plead guilty when the agreement contained an illegal sentence. He raises this claim in the argument section of his brief, but it was not raised in the issue section of the brief nor was it supported by cogent reasoning. Thus, this issue is waived. *See* Ind. Appellate Rule 46(A)(8)("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."); *see also Lampitok v. State*, 817 N.E.2d 630, 638 (Ind.Ct.App.2004), *trans. denied* (2005). Regardless, based on our decision today, there is no indication that Gonzales was prejudiced by trial counsel's representation.

for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." *Id.* at 40 (quotation omitted). The court further explained that a defendant who pleads guilty to achieve a favorable outcome gives up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy. *Id.* The court held that striking a favorable bargain including a consecutive sentence that the trial court might otherwise not have had the ability to impose fell within that category and upheld Lee's guilty plea and sentence. *Id.*

To avoid the holding of *Lee,* Gonzales contends that he did not benefit by pleading guilty because he had already been sentenced to forty years and the guilty plea called for the imposition of a consecutive ten-year term of imprisonment for a total sentence of fifty years. Gonzales asserts that had he gone to trial on the Class A felony charge, been found guilty, and sentenced to the maximum of fifty years, the trial court could not have ordered the sentence to run consecutive to the forty-year sentence. He argues that either way he faced a total imprisonment of fifty years.

We disagree. By pleading guilty to Class B felony rape, the State dismissed the Class A felony rape charge. This in and of itself is a benefit to Gonzales. The supreme court recognized in *Lee* that although the sentencing provision is an important component of a plea agreement, " 'the consequences of a guilty plea are *collateral* to the paramount issue of guilt or innocence.' " *Id.* at 39 (quoting *White v. State,* 497 N.E.2d 893, 904 (Ind.1986)) (emphasis in original). Thus, the benefits of pleading guilty to and being convicted of Class B felony rape instead of Class A felony rape go beyond just the sentence imposed.

In addition to the benefit of being convicted of a lesser crime, the plea agreement limited Gonzales's penal exposure to ten years instead of the possible fifty-year sentence he faced had he been convicted of Class A felony rape. As the trial court ordered the ten-year sentence to run consecutive to the existing forty-year sentence, the trial court could have ordered a fifty-year sentence to run consecutive to the existing forty-year sentence. Although such may have been attacked in subsequent proceedings, Gonzales would have been required to undertake the burden of those proceedings. Further, had Gonzales' other convictions been reversed in subsequent proceedings, he would still have been required to serve a possible fifty year sentence instead of the ten years to which he agreed in the guilty plea.

Because Gonzales benefited from pleading guilty to Class B felony rape and a fixed ten-year sentence, we are guided by the analysis in *Lee.* We conclude that in striking a favorable bargain with the State, Gonzales gave up the right to challenge the imposition of unauthorized consecutive sentences. *See id.* at 40. Thus, the post-conviction court properly denied Gonzales's petition.

### Conclusion

The post-conviction court properly denied Gonzales's petition because in receiving a favorable outcome by pleading guilty he gave up the right to challenge the imposition of consecutive sentences. We affirm.

Affirmed.

KIRSCH, C.J., and BAKER, J., concur.