**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 23 2013, 5:36 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JERRY DOWNS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JERRY DOWNS,                        )
                                    )
    Appellant-Defendant,        )
                                    )
        vs.               )     No. 27A02-1305-CR-427
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.         )

APPEAL FROM THE GRANT CIRCUIT COURT
The Honorable Mark E. Spitzer, Judge
Cause No. 27C01-0304-FB-32

**September 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Jerry Downs appeals the denial of his motion to correct erroneous sentence. We affirm.

In April 2003, the State charged Downs with eight counts: two counts of Class B felony criminal confinement and one count each of Class B felony possession of a firearm by a serious violent felon, Class D felony possession of chemical reagents or precursors with intent to manufacture, Class B felony dealing in cocaine/methamphetamine, Class D felony maintaining a common nuisance, Class C felony possession of a machine gun, and Class D felony neglect of a dependent.

In June 2003, the parties entered into a plea agreement in which Downs agreed to plead guilty to Class B felony criminal confinement (Count 1), Class B felony possession of a firearm by a serious violent felon (Count 3), Class B felony dealing in methamphetamine (Count 5), and Class C felony possession of a machine gun (Count 7), and the State agreed to dismiss the four remaining charges. As to sentencing, the plea agreement provided for twenty-year sentences with a cap of fifteen years executed on Counts 1, 3, and 5 and an eight-year sentence with a cap of six years executed on Count 7. It further provided, "Counts 1, 3, and 7 shall run concurrent to each other but it is left up to the discretion of the Court whether Count 5 runs concurrent or consecutive to Counts 1, 3, and 7." *Downs v. State*, 827 N.E.2d 646, 649 (Ind. Ct. App. 2005), *trans. denied.*[1] The trial court accepted the plea agreement.

---

[1] Downs explains the terms of his plea agreement in the Appellant's Brief but fails to include the agreement in the Appellant's Appendix. We thus rely on the agreement as quoted in a previous appeal in this case.

On Counts 1, 3, and 5, the court imposed twenty-year sentences, with fifteen years executed and five years suspended to probation. On Count 7, the court imposed an eight-year sentence, with six years executed and two years suspended to probation. Counts 1, 3, and 7 were ordered to be served concurrently, and Count 5 was ordered to be served consecutive to the other counts. Thus, Downs's aggregate sentence was forty years, with thirty years executed followed by ten years of probation.

In April 2013, Downs filed a pro se Motion to Correct Sentence. There, he claimed his convictions arose out of a single episode of criminal conduct, and thus his sentence should not have exceeded thirty years, which in 2003 was the presumptive sentence for a Class A felony. He therefore asked the trial court to correct his sentence to thirty years, with twenty years executed and ten years suspended to probation. The trial court denied the motion, and Downs now appeals.

A person who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code section 35-38-1-15 (1983):

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"[A] motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004).

Downs has failed to include the sentencing order in the Appellant's Appendix. In any event, his claim that his convictions arose out of a single episode of criminal conduct would require consideration of matters presumably outside the face of the sentencing order and is thus improper in a motion to correct his sentence. *See id.* (noting strict application of "'facially erroneous' prerequisite").

Moreover, even if a sentencing error could be discerned from the face of the judgment, our Supreme Court has observed, "Defendants who plead guilty to achieve favorable outcomes in the process of bargaining give up a plethora of substantive claims and procedural rights." *Games v. State*, 743 N.E.2d 1132, 1135 (Ind. 2001) (determining appellant waived challenge to sentence on double jeopardy grounds when he entered plea agreement). Here, Downs struck a favorable bargain where the State agreed to dismiss four felony charges. The plea agreement also provided that it was the trial court's decision whether to impose Count 5's twenty-year sentence concurrent with or consecutive to the aggregate twenty-year sentence on the other counts. Downs thus agreed that his total sentence could be up to forty years. Because he benefited from the plea agreement authorizing the allegedly illegal sentence, he cannot now complain. *See Lee v. State*, 816 N.E.2d 35, 40 (Ind. 2004) (appellant not entitled to relief on claim that consecutive sentences imposed pursuant to plea agreement were illegal and that the agreement was thus void where he received benefit of having habitual offender allegation dismissed).

We therefore affirm the trial court's denial of Downs's motion to correct erroneous sentence.

NAJAM, J., and BARNES, J., concur.