## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 29 2015, 8:37 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Jonathan O. Chenoweth
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Aaron Brubaker,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

October 29, 2015

Court of Appeals Case No.
43A05-1507-PC-769

Appeal from the Kosciusko
Superior Court

The Honorable David C. Cates,
Judge

Trial Court Cause No.
43D01-1301-FD-56

**Bradford, Judge.**

# Case Summary

[1] In 2013, Appellee-Respondent the State of Indiana ("the State") charged Appellant-Petitioner Aaron Brubaker with four Class D felonies: resisting law enforcement, auto theft, and two counts of theft. The State also charged Brubaker with being a habitual offender. The parties entered into a plea agreement by which the State agreed to drop the habitual offender charge and Brubaker pled guilty to the remaining charges. Additionally, the executed portion of Brubaker's sentence was to be capped at five years. The trial court accepted Brubaker's plea and sentenced him to a term of five years.

[2] Brubaker subsequently filed a petition for post-conviction relief ("PCR") in which he claimed that the five-year sentence imposed by the trial court was illegal because his crimes constituted a single episode of criminal conduct and, therefore, the maximum aggregate sentence allowed for his four convictions was four years. The State argues that even if the sentence is illegal, Brubaker agreed to the illegal sentence in his plea agreement and so is bound by that agreement. We affirm.

## Facts and Procedural History

[3] On January 23, 2013, Brubaker was charged with Class D felony resisting law enforcement, Class D felony auto theft, and two counts of Class D felony theft. He was also alleged to be a habitual offender. (App. 1) The parties entered into a plea agreement by which the State agreed to drop the habitual offender charge and Brubaker pled guilty to the remaining charges. (App. 97) The relevant portions of the plea agreement read as follows:

[T]here is no limitation upon the Court's authority to impose any sentence or dispositional alternative authorized under the law…; and that the Court may enter any lawful sentence whether presumptively or alternatively provided, and whether by way of mitigation or aggravation. The State of Indiana does agree that the initial executed sentence will not exceed five (5) years (total after consecutive sentencing on each count). Each count's sentence shall run consecutive….The Court may, however, impose a longer sentence of imprisonment either by providing for presumptive sentence or by way of aggravation but that any such sentence so imposed which exceeds the number months which may be imposed under this agreement as an original executed prison term shall be suspended by the Court….

* * * *

The Defendant knowingly, intelligently, and voluntarily waives his right to appeal any sentence imposed by the trial court that is within the range set forth in this plea agreement, and waives his right to have the Court of Appeals review his sentence under Indiana Appellate Rule 7(B).

Appellant's App. p. 97-98.

[4]     On October 24, 2013, the trial court accepted the plea agreement and sentenced Brubaker to one-and-a-half year consecutive terms on each conviction, resulting in an aggregate six-year term. (App. 7) The trial court later amended the judgment to shorten the sentence on one of Brubaker's theft convictions to six months, reducing the aggregate sentence to five years. (App. 8) On June 11, 2014, Brubaker filed a PCR petition. (App. 9) The parties then filed competing motions for summary judgment. (App. 10-11) On June 8, 2015, the post-conviction court entered an order denying Brubaker's PCR petition. Brubaker appeals.

# Discussion and Decision

[5] Pursuant to Post-Conviction Rule 1(4)(g)[1], the post-conviction court granted the State's motion for summary disposition. "An appellate court reviews the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a motion for summary judgment." *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008) (citing *Allen v. State*, 791 N.E.2d 748, 752 (Ind. Ct. App. 2003), *trans. denied*). "Thus summary disposition, like summary judgment, is a matter for appellate de novo determination when the determinative issue is a matter of law, not fact." *Id.* (citing *Burnside v. State*, 858 N.E.2d 232, 237 (Ind. Ct. App. 2006)).

[6] Brubaker argues that his five-year sentence violates the statutory limitation on consecutive sentences for crimes arising from a single episode of criminal conduct under Indiana Code section 35-50-1-2(c) (2013), which provided that

> except for crimes of violence, the total of the consecutive terms of imprisonment…to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

---

[1] "The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." P-C.R. 1(4)(g).

The State acknowledged at the post-conviction court that, pursuant to this statute, the maximum sentence Brubaker could have received for the four Class D felony convictions was four years[2] (the advisory term for a Class C felony) but argues that Brubaker consented to the unlawful sentence in his plea agreement and so he cannot now dispute that sentence. (App. 103)

[7] In *Lee v. State*, the State charged Lee with Class C felony robbery and alleged that he was a habitual offender. 816 N.E.2d 35, 37 (Ind. 2004). Under the terms of a plea agreement, Lee pled guilty to robbery in exchange for the State's dismissal of the habitual offender allegation. The trial court sentenced Lee, pursuant to the terms of the plea, to a term of eight years imprisonment to run consecutively to a three-year sentence Lee was serving for an unrelated theft conviction. At the time of sentencing, the trial court lacked statutory authority to order the sentences to be served concurrently. *Id.* Nonetheless, the Indiana Supreme Court upheld the illegal sentence.

> The record shows that the evidence against Lee on the charge of robbery was overwhelming. By agreeing to plead guilty to the charge in exchange for the State dismissing an habitual offender allegation, Lee reduced his penal exposure by thirty years. *See* Ind. Code 35-50-2-8(e)….
>
> Under some circumstances, the appropriate remedy to address an illegal sentence like the one here is to sever the illegal sentencing provision from the plea agreement, and remand the cause to the

---

[2] On appeal, the State claims that it only accepted Brubaker's allegations that his offenses constituted a "single episode" of criminal conduct under Indiana Code section 35-50-1-2(c) for purposes of obtaining a summary disposition at the post-conviction court and that it does not concede the issue.

trial court with instructions to enter an order running the sentences concurrently. However Lee is entitled to no such relief. A defendant "may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." *Collins v. State*, 509 N.E.2d 827, 833 (Ind. 1987). As this Court has more recently explained: "[D]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy. *Striking a favorable bargain including a consecutive sentence the court might otherwise not have the ability to impose falls within this category*." *Davis v. State*, 771 N.E.2d 647, 649 n. 4 (Ind. 2002) (citation and quotation omitted).

*Id*. at 39 (emphasis added, footnote omitted); *see also Crider v. State*, 984 N.E.2d 618, 623 (Ind. 2013) ("[I]n Indiana, a defendant can waive his right to appeal an illegal sentence….[W]here a plea agreement provides for the illegality later challenged, a valid waiver contained therein will be upheld."); *see also Games v. State*, 743 N.E.2d 1132, 1135 (Ind. 2001) ("[A] defendant with adequate counsel who enters a plea agreement to achieve an advantageous position must keep the bargain. Once the defendant bargains for a reduced charge, he cannot then challenge the sentence on double jeopardy grounds."); *see also Stites v. State*, 829 N.E.2d 527 (Ind. 2005) (concluding that although the trial court lacked statutory authority to order consecutive sentences under the circumstances, it had such authority by the terms of a plea agreement, and the defendant could not be heard to complain because she had benefited from that agreement).

[8] Brubaker acknowledges that he received a benefit by the State's agreement to drop the habitual offender charge. Brubaker also acknowledges that "when a

defendant explicitly agrees to a particular sentence or a specific method of imposition of sentences, whether or not the sentence or method is authorized by the law, he cannot later appeal such sentence on the ground that it is illegal." Appellant's App. p. 113 (quoting *Crider*, 984 N.E.2d at 625). However, Brubaker argues that his plea agreement "did not call for an illegal sentence; it called for the trial court to impose 'any lawful sentence' of no more than 5 years." Appellant's App. p. 114.

[9] Brubaker essentially argues that he did not agree to the illegal sentence imposed by the trial court. We disagree. The plea agreement which Brubaker agreed to explicitly authorized the trial court to impose a sentence in excess of four years. Specifically, the agreement provided that "the initial executed sentence will not exceed five (5) years (total after consecutive sentencing on each count)," and that "The Court may, however, impose a longer sentence of imprisonment either by providing for presumptive sentence or by way of aggravation." Appellant's App. p. 97-98. Brubaker "waive[d] his right to appeal any sentence imposed by the trial court that is within the range set forth in this plea agreement." Appellant's App. p. 98. The only logical reading of this agreement is that Brubaker consented to receiving a sentence potentially greater than four years. Therefore, we conclude that Brubaker consented to the unlawful sentence and so has waived his right to appeal his sentence on that basis.

[10] The judgment of the post-conviction court is affirmed.

May, J., and Crone, J., concur.