## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 16 2016, 8:41 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Clay M. Patton<br>Osan & Patton, LLP<br>Valparaiso, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Karl M. Scharnberg<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Danny R. Slawnikowski,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 16, 2016<br><br>Court of Appeals Case No. 64A05-1509-CR-1417<br><br>Appeal from the Porter Superior Court<br><br>The Honorable David L. Chidester, Judge<br><br>Trial Court Cause No. 64D04-1409-F6-8567 |

**Najam, Judge.**

## Statement of the Case

Danny R. Slawnikowski appeals his sentence following his conviction for domestic battery, as a Class A misdemeanor. Slawnikowski raises a single issue for our review, namely, whether his sentence of one year was inappropriate in light of the nature of the offense and character of the offender. But we need only address the following dispositive issue: whether this appeal is moot. We dismiss.

## Facts and Procedural History

On the morning of September 27, 2014, Slawnikowski woke up his wife, Elizabeth, after realizing he would be late to work and she would be late in picking up her son. Soon after Elizabeth arose from bed, Slawnikowski and Elizabeth got into a verbal and physical altercation with one another. Immediately after the altercation, Slawnikowski left the residence and Elizabeth called the police to report the incident. Shortly thereafter, officers of the Chesterton Police Department arrived and arrested Slawnikowski.

The State charged Slawnikowski with strangulation, as a Level 6 Felony, and domestic battery, as a Class A misdemeanor. The jury found Slawnikowski not guilty of strangulation but guilty of domestic battery. Following a sentencing hearing, the trial court sentenced Slawnikowski to 365 days in the Porter County Jail. Sent. Tr. at 9. Slawnikowski completed his sentence in late July of 2015.

# Discussion and Decision

On appeal, Slawnikowski argues that his one year sentence is inappropriate in light of the nature of the offense and his character. But we need only address whether this appeal is moot since he has already completed his sentence.

The long-standing rule in Indiana is that a "case is deemed moot and will be dismissed when no effective relief can be rendered to the parties before the court." *In re Lawrence*, 579 N.E.2d 32, 37 (Ind. 1991). Once a defendant's "sentence has been served, the issue of the validity of the sentence is rendered moot." *Lee v. State*, 816 N.E.2d 35, 40 n.2 (Ind. 2004). Indiana's courts have long recognized that a case that is otherwise moot may nevertheless be decided on its merits when the case involves a question of "great public interest." *In re Lawrence*, 579 N.E.2d at 37. And we have defined cases of "great public interest" as those that "raise important policy concerns and present issues that are likely to recur." *Mosley v. State*, 908 N.E.2d 599, 603 (Ind. 2009).

Here, Slawnikowski has already served his 365-day sentence for his domestic battery conviction. Thus, this court cannot provide Slawnikowski with any effective relief on appeal. *Lee*, 816 N.E.2d at 40 n.2. And this case does not fall under the "great public interest" exception to the mootness doctrine. *In re Lawrence*, 579 N.E.2d at 37. Accordingly, we are obliged to dismiss this appeal as moot.

Dismissed.

Riley, J., and May, J., concur.