FILED

Mar 31 2016, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Peter D. Todd | Gregory F. Zoeller |
| Elkhart, Indiana | Attorney General of Indiana |
| | J.T. Whitehead |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jack L. Fisher, | March 31, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 20A03-1509-CR-1373 |
| v. | Appeal from the Elkhart Superior Court |
| State of Indiana, | The Honorable Teresa L. Cataldo, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 20D03-1402-FA-6 |

**Baker, Judge.**

Jack Fisher was found driving a vehicle that contained a methamphetamine lab. A State Police Clandestine Lab Team had to clean up the lab, and incurred costs in doing so. After Fisher pleaded guilty, the trial court ordered him to pay restitution to the lab team in the amount of those costs.

Fisher appeals the restitution order imposed by the trial court after Fisher pleaded guilty to Attempted Dealing in Methamphetamine,[1] a class B felony. Fisher argues that the restitution order was improper because there was no victim to whom restitution should be paid. Finding that the trial court was statutorily required to order restitution in this case, we affirm.

## Facts

On February 11, 2014, Fisher was driving a vehicle and was pulled over by a police officer. The vehicle contained a number of precursors used in the manufacture of methamphetamine as well as methamphetamine itself. The Indiana State Police Clandestine Lab Team was called to clean up the mobile methamphetamine lab; the amount of costs the team incurred in the cleanup totaled $1,432.49.

On February 18, 2014, the State charged Fisher with class A felony dealing in methamphetamine. On June 19, 2015, Fisher pleaded guilty to class B felony attempted dealing in methamphetamine pursuant to a plea agreement.[2] As part

---

[1] Ind. Code § 35-48-4-1.1; Ind. Code § 35-41-5-1.

[2] The State dismissed the class A felony charge in exchange for the guilty plea.

of the plea agreement, Fisher waived any appellate argument related to whether the sentence imposed by the trial court was erroneous or inappropriate pursuant to Indiana Appellate Rule 7(B). Appellant's App. p. 75. On June 23, 2015, the trial court sentenced Fisher to twelve years imprisonment, with four years executed, two years in alternate placement, and six years suspended to probation. The trial court also ordered Fisher to pay restitution to the Clandestine Lab Team in the amount of $1,432.49. Fisher now appeals.

## Discussion and Decision

Fisher's sole argument on appeal is that the restitution order was erroneous. We review a trial court's order of restitution for an abuse of discretion, and will affirm if sufficient evidence exists to support its decision. *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008).

The parties dispute whether Fisher has waived this appeal by entering into the plea agreement. We decline to resolve this case on grounds of waiver.

Initially, we note that restitution was not mentioned in the plea agreement or at the guilty plea hearing. Under these circumstances, the general rule is that the trial court may not order restitution. *See Edsall v. State*, 983 N.E.2d 200, 208-09 (Ind. Ct. App. 2013). In this case, however, there is a specific statute mandating trial court action:

> (a)     In addition to any other penalty imposed for conviction of an offense under this chapter involving the manufacture or intent to manufacture methamphetamine, a court *shall* order restitution under IC 35-50-5-3 to cover the costs, if

necessary, of an environmental cleanup incurred by a law enforcement agency or other person as a result of the offense.

(b)     The amount collected under subsection (a) shall be used to reimburse the law enforcement agency that assumed the costs associated with the environmental cleanup described in subsection (a).

Ind. Code § 35-48-4-17 (emphasis added).

[8]     We acknowledge an apparent conflict between the case law, which provides that restitution may not be ordered unless it is included in the plea agreement, and the statute, which requires the trial court to order restitution in methamphetamine cleanup cases. It is well established that plea agreements are contractual in nature. *E.g.*, *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004). It is also well established that a contract must be construed as having been made in contemplation of applicable law. *E.g., Mouch v. Ind. Rolling Mill Co.*, 93 Ind. App. 540, 151 N.E. 137, 138-29 (1926) (holding that statutes that exist at the time a contract is made must be read into the contract unless expressly excluded by the contractual language). In this case, Fisher's plea agreement was entered into in 2015, more than a decade after the 2003 enactment of Indiana Code section 35-48-4-17. Under these circumstances, we find that the plea agreement implicitly incorporated the statutory restitution requirement. *See Lee*, 816 N.E.2d at 38 (holding that "precisely because plea agreements are contracts, the principles of contract law can provide guidance in the consideration of the agreement"). Therefore, the trial court did not err by ordering restitution.

[9]     Finally, Fisher's argument focuses on whether or not there is a victim to whom restitution is owed.[3]  This Court has already addressed this precise issue.  In *Bulthuis v. State*, the defendant appealed the trial court's order of restitution following the cleanup of a methamphetamine lab.  17 N.E.3d 378 (Ind. Ct. App. 2014), *trans. denied*.  Among other things, Bulthuis contended that the State was not a "victim" for the purpose of restitution.  We disagreed, observing that the restitution award was "not only permitted, but *required* by the relevant statute[.]"  *Id.* at 389 (emphasis added).[4]  Therefore, we found that the trial court did not abuse its discretion by ordering Bulthuis to pay restitution for the cost of the methamphetamine cleanup.  *Id.*  Here, the Clandestine Lab Team agency is the statutorily mandated victim to whom restitution is owed.  We find no error in this regard.

[10]    The judgment of the trial court is affirmed.


May, J., and Brown, J., concur.

---

[3] Fisher does not challenge the amount of the restitution order, which is supported by information contained in the Presentence Investigation Report, to which Fisher did not object.  Appellant's App. p. 77.

[4] As noted above, Indiana Code section 35-48-4-17(b) provides that the mandatory restitution ordered following a methamphetamine cleanup "shall be used to reimburse the law enforcement agency that assumed the costs" of the cleanup.