# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 06 2018, 9:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth A. Johnson
Megan E. Shipley
Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
James T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Travis Jovan Allen, Jr. | July 6, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A02-1710-CR-2345 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | |
| *Appellee-Plaintiff.* | The Honorable Hugh Patrick Murphy, Magistrate |
| | Trial Court Cause No. 49G16-1706-F6-20572 |

**Barnes, Senior Judge.**

# Case Summary

Travis Allen, Jr. ("Allen") appeals the trial court's assessment of a supplemental public defender fee. We reverse and remand.

# Issue

The sole issue before us is whether the trial court erred in assessing a $100 supplemental public defender fee to Allen.

# Facts

On August 5, 2016, a trial court issued a no-contact order barring Allen from contacting R.H. The trial court subsequently provided oral and written notice of its no-contact order to Allen. On June 2, 2017, Allen went to R.H.'s residence and was arrested. On June 2, 2017, the State charged him with Level 6 felony residential entry and Class A misdemeanor invasion of privacy.[1] Allen appeared for an initial hearing on June 5, 2017, during which the trial court appointed "indigent counsel"; the corresponding chronological case summary entry states, "Indigent Counsel Appointed at County Expense." App. Vol. II p. 10, 51. The order of appointment of public defender states that Allen's petition for appointment of counsel is "GRANTED; as the court finds that the defendant is currently indigent" and that "[n]o reimbursement [is] required." *Id*. at 54.

---

[1] The State dismissed the Level 6 felony charge on August 29, 2017.

Allen was tried by a jury on August 30, 2017, and was found guilty of Class A misdemeanor invasion of privacy. In sentencing him, on September 18, 2017, the trial court imposed no jail time or fine, but ordered him to complete eighty hours of community service and assessed court costs of $185. The trial court referred to the $185 in court costs in its sentencing remarks, but did not mention a supplemental public defender fee. On its sentencing order form, however, the trial court assessed both court costs of $185 and a $100 supplemental public defender fee, for a total of $285 in "[m]onetary [o]bligations." *Id*. at 19. The trial court did not conduct a hearing as to Allen's ability to pay fees and costs. He now appeals the assessment of the supplemental public defender fee.[2]

## Analysis

Allen argues that the trial court erred in assessing the supplemental public defender fee.

> There are three statutes that address when a defendant must reimburse the county for counsel provided to him at public expense—all three of which require the funds to be deposited in the county's supplemental public defender services fund. A trial court can order reimbursement for costs of representation under

---

[2] In his appellate brief, Allen also argues that the trial court erred in ordering him to complete community service work. In his verified notice of post-judgment change in circumstances, filed on May 11, 2018, Allen advises that, on May 7, 2018, the trial court conducted a compliance hearing wherein it found him to be in compliance and closed the case. As Allen has completed his sentence, his argument as to community service is moot. *Lee v. State,* 816 N.E.2d 35, 40 (Ind. 2004) (holding that once sentence is served, the issue of its validity is rendered moot).

any of the three statutes or combination thereof. The first statute, Indiana Code § 35-33-7-6, provides in relevant part:

> *If the court finds that the person is able to pay* part of the cost of representation by the assigned counsel, the court shall order the person to pay the following:
>
> (1) For a felony action, a fee of one hundred dollars ($100).

Ind. Code § 35-33-7-6(c). Although this statute contemplates that trial courts will order the defendant to pay the $100 fee at the initial hearing, *see* I.C. § 35-33-7-6(a), the statute does not prohibit trial courts from imposing it at other stages of the proceedings.

The remaining two statutes, Indiana Code §§ 33-9-11.5-6 and [33-37-2-3], allow trial courts to impose representation costs against a defendant in excess of $100. Specifically, Indiana Code § 33-9-11.5-6(a) provides that if *"the court makes a finding of ability to pay the costs of representation,"* the defendant shall pay "[r]easonable attorney's fees if an attorney has been appointed for the person by the court." These fees, which cannot exceed the cost of defense services rendered to the person, can be imposed "at any stage of a prosecution." Ind. Code § 33-9-11.5-6(a), (d).

Finally, Indiana Code § [33-37-2-3(a), -(e)] provide[ ] that *"[w]hen the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent." If, after such a hearing, "the court determines that a convicted person is able to pay* part of the costs of representation, the court shall order the person to pay an amount of not more than the cost of the defense services rendered on behalf of the person." Ind. Code § [33-37-2-3(e)]. This fee must be assessed when the court imposes costs. I.C. § [33-37-2-3(a)].

*May v. State,* 810 N.E.2d 741, 745-46 (Ind. Ct. App. 2004) (emphasis added).

The foregoing statutes require the trial court to conduct a hearing and to make a finding as to the defendant's ability to pay before imposing public defense costs. No such hearing was conducted here; nor was such a finding reached. In its brief, the State concedes, "[R]emand appears necessary in order to clarify the inconsistency between the finding of indigency, which states that no reimbursement is required, and the contradictory order requiring that public defender costs be paid." Appellee's Br. p. 12. Accordingly, and given the inconsistencies between the trial court's record, its sentencing remarks, and its sentencing order, we reverse the assessment of the supplemental public defender fee and remand to the trial court with instructions to conduct a hearing to determine whether Allen is able to pay part of the costs of his representation.

## Conclusion

The trial court erred in assessing a supplemental public defender fee to Allen without conducting a hearing to determine his ability to pay part of the costs of his representation. We reverse and remand for a hearing consistent with this opinion.

Reversed and remanded.

Vaidik, C.J., and Pyle, J., concur.