## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 04 2019, 6:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

James H. Voyles, Jr.
Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

F. Aaron Negangard
Chief Deputy Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jimmy E. Crase,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 4, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2423<br><br>Appeal from the Shelby Circuit Court<br><br>The Honorable Charles D. O'Connor, Judge<br><br>Trial Court Cause No.<br>73C01-1607-FA-2 |

**Bradford, Judge.**

# Case Summary

[1] After being accused of and charged with molesting his step-granddaughters, on February 10, 2018, Jimmy E. Crase pled guilty to two counts of Class B felony child molestation. Pursuant to the terms of his guilty plea, Crase agreed that he would be classified as a credit restricted felon. The trial court accepted Crase's guilty plea and sentenced him in accordance with its terms. On appeal, Crase challenges the sufficiency of the evidence to sustain his classification as a credit restricted felon. We affirm.

# Facts and Procedural History

[2] M.D., who was born in 2002, and M.S., who was born in 1999, are Crase's step-granddaughters. Crase molested M.D. and M.S. "on numerous occasions" between January of 2007 and December of 2010. Appellant's App. Vol. II p. 19. On July 12, 2016, the State charged Crase with two counts of Class A felony child molesting. On February 10, 2018, Crase pled guilty to two counts of the lesser-included offense of Class B felony child molesting. The plea agreement explicitly stated that Crase and the State "agree that [Crase] shall be a credit restricted felon." Appellant's App. Vol. II pp. 54, 58.

[3] During Crase's guilty plea hearing, the State provided a factual basis, stating that if the matter proceeding to trial, M.D. and M.S. would testify that on a number of occasions between January of 2007 and December of 2010, they visited Crase and he molested them by placing his hand on or in their vaginas.

Crase "admit[ted] and agree[d]" that he "acted as described" in the factual basis. Tr. p. 13. The trial court accepted the plea agreement and, on July 31, 2018, sentenced Crase to an aggregate eighteen-year sentence with eight years executed in the Department of Correction, two years served on home detention, and eight years suspended to probation. The trial court also found, pursuant to the terms of the plea agreement, that Crase would be classified as a credit restricted felon.

## Discussion and Decision

[4] Indiana courts "have long recognized that a defendant may forgo a trial and plead guilty." *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996). "One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal." *Id.* In comparing plea agreements to settlements in civil cases, the Indiana Supreme Court indicated that "the plea as a legal act brings to a close the dispute between the parties, much as settling civil parties do by submitting an agreed judgment. To permit appeal by settling parties would, of course, make settlements difficult to achieve in any litigation." *Id.* at 396.

[5] Plea agreements "are in the nature of contracts entered into between the defendant and the State." *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004). As the Indiana Supreme Court has explained:

> [A] plea agreement is contractual in nature, binding the defendant, the state and the trial court. The prosecutor and the

> defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute: If the court accepts a plea agreement, it shall be bound by its terms.

*Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994) (internal citation and quotation omitted).

[6] On appeal, Crase challenges his classification as a credit restricted felon. Specifically, he argues that the evidence is insufficient to support the classification because the factual basis does not specify that the qualifying acts took place after the credit restricted felon classification came into existence on July 1, 2008. For its part, the State argues that by specifically agreeing in the plea agreement that he shall be classified as a credit restricted felon, Crase has waived this challenge on appeal. We agree with the State.

[7] Again, the plea agreement entered into by Crase and the State explicitly stated that Crase and the State "agree that [Crase] *shall* be a credit restricted felon." Appellant's App. Vol. II pp. 54, 58 (emphasis added). Given the contractual nature of his plea agreement, Crase is bound by the terms of the agreement, including the term indicating that he shall be classified as a credit restricted felon. *See Pannarale*, 638 N.E.2d 1248; *Holloway v. State*, 980 N.E.2d 331, 335 (Ind. Ct. App. 2012). Crase, therefore, cannot challenge this classification on appeal.

[8] Moreover, to the extent that Crase argues that the trial court imposed an illegal sentence by classifying him as a credit restricted felon, we note that the Indiana Supreme Court has held that "[a] defendant 'may not enter into a plea

agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence.'" *Lee v. State*, 816 N.E.2d 35, 40 (Ind. 2004) (quoting *Collins v. State*, 509 N.E.2d 827, 833 (Ind. 1987)). In this case, Crase received substantial benefit from his plea agreement, *i.e.*, that two Class A felony charges were reduced to Class B felony charges and the executed portion of his sentence was capped at ten years. As such, even if classification of Crase as a credit restricted felony did result in an illegal sentence, Crase cannot challenge said sentence after entering into a plea agreement calling for the sentence and benefiting from the terms of the agreement.

[9] Furthermore, waiver notwithstanding, the evidence is sufficient to support Crase's classification as a credit restricted felon. The factual basis alleges that Crase's criminal conduct occurred between January 2007 and December 2010. Crase admitted both that the factual basis was accurate and that he should be classified as a credit restricted felon. Given that timeline set forth in the factual basis included approximately two and one-half years after the statute creating the credit restricted felon classification went into effect on July 1, 2008, one can reasonably infer from Crase's admissions that he committed qualifying acts at some point after July 1, 2008.

[10] The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.