


FILED
Mar 28 2024, 9:36 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Linda E. Newman,

*Appellant-Defendant*

v.

State of Indiana,

*Appellant-Plaintiff*

---

March 28, 2024

Court of Appeals Case No.
23A-CR-2329

Appeal from the Tippecanoe Superior Court

The Honorable Kristen E. McVey, Judge

Trial Court Cause No.
79D05-2208-CM-1928

---

**Opinion by Judge Tavitas**
Judges Pyle and Foley concur.

**Tavitas, Judge.**

## Case Summary

[1] Linda Newman appeals her conviction for cruelty to an animal, a Class A misdemeanor. Newman contends that the evidence is insufficient to sustain her conviction. We conclude that that evidence is sufficient, and accordingly, we affirm.[1]

## Issue

[2] Newman raises one issue, which we restate as whether the evidence is sufficient to sustain her conviction.[2]

## Facts

[3] In 2022, Newman and her husband, Richard, were in the midst of a contentious separation and divorce. The couple had three daughters: Samantha, Nicole, and Erica. Erica, the youngest daughter, was living with Newman in Tippecanoe County, and Samantha and Nicole were living on their own.

---

[1] On March 14, 2024, we held oral argument in this case at Andrean High School in Merrillville, Indiana. We extend our thanks to the faculty and staff of the school for their hospitality. We also thank the students who attended the oral argument for their thought-provoking questions after the argument. Finally, we thank counsel for both parties for the quality of their arguments and for remaining after the argument to answer the students' questions.

[2] Newman also argues that her sentence is inappropriate. At oral argument, however, Newman conceded that this issue was moot because she has served her probationary sentence. Once "sentence has been served, the issue of the validity of the sentence is rendered moot." *Lee v. State*, 816 N.E.2d 35, 40 n.2 (Ind. 2004). Given Newman's concession, we do not address this argument.

[4]     Newman and Erica had several pets, including a rabbit, six dogs, and four cats. The dogs included: (1) Ruth, a one-year-old large, gray pit bull; (2) Tessa, an approximately eight-year-old medium-sized, brown pit bull/lab mixed-breed; (3) Chloe, an approximately eleven-year-old small, long-haired mixed- breed; (4) Ross, a one-year-old large, mixed-breed with yellow fur; and (5) two other dogs that were Newman's pets. The dogs lived inside the house and only went outside for short periods of time.

[5]     Erica turned eighteen years old in May 2022, and she moved out of Newman's residence on Thursday, June 2, 2022. Erica moved in with her older sisters and took one cat with her. Erica did not have space in the vehicle for the dogs at that time.

[6]     The next day, Newman left Richard a voicemail as follows:

> [Y]ou better tell your little cohorts they forgot something today, which are two four-legged dogs, two animals, and if they do not get those dogs by this weekend and take them to the girls, where that's where Samantha decided or Erica decided to live, I will be surrendering them. So they have the weekend to get Tess and Chloe out. . . . Those dogs, those two dogs need to be picked up this weekend or they will be surrendered.

Exhibit Vol. III p. 15. Richard returned Newman's call and left her a voicemail informing Newman that they would pick up the dogs the next day on Saturday, June 4.

[7]     On Saturday evening, Richard and Erica went to Newman's house to retrieve the dogs. Newman, however, said that she gave the dogs away to friends. Law

enforcement was called to Newman's residence at that time for a domestic disturbance. Later that evening, a woman posted online that she found Chloe. Nicole messaged the woman and picked up Chloe on the following morning.

[8] The next day, on June 5, an officer responded to a call of two dogs "running down the roadway." Tr. Vol. II p. 32. The caller was able to capture one of the dogs, Ross. The officer found that Ross was uninjured but was "[a] little dirty", "wet," and "[p]anting a little bit . . . ." *Id.* at 36. The officer contacted Erica, who met with the officer to retrieve Ross. By June 8, Good Samaritans had helped to locate Ruth and Tessa.

[9] The State charged Newman with cruelty to an animal, a Class A misdemeanor, for abandoning the animals. The trial court held a bench trial in July 2023 and found Newman guilty as charged. At the sentencing hearing, Newman testified that she had an emotional breakdown "a couple days before the incident with the animals." *Id.* at 107. Newman claimed that she had no memory of what happened to the dogs.

[10] The trial court found no aggravating circumstances, and the trial court found support from Newman's friends and Newman's lack of criminal history as mitigating circumstances. The trial court sentenced Newman to 180 days of unsupervised probation. Newman now appeals.

## Discussion

[11] Newman challenges the sufficiency of the evidence to sustain her conviction. Sufficiency of evidence claims "warrant a deferential standard, in which we

neither reweigh the evidence nor judge witness credibility." *Powell v. State*, 151 N.E.3d 256, 262 (Ind. 2020) (citing *Perry v. State*, 638 N.E.2d 1236, 1242 (Ind. 1994)). "When there are conflicts in the evidence, the jury must resolve them." *Young v. State*, 198 N.E.3d 1172, 1176 (Ind. 2022). We consider only the evidence supporting the judgment and any reasonable inferences drawn from that evidence. *Powell*, 151 N.E.3d at 262 (citing *Brantley v. State*, 91 N.E.3d 566, 570 (Ind. 2018), *cert. denied*). "We will affirm a conviction if there is substantial evidence of probative value that would lead a reasonable trier of fact to conclude that the defendant was guilty beyond a reasonable doubt." *Id.* at 263. We affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Sutton v. State*, 167 N.E.3d 800, 801 (Ind. Ct. App. 2021) (quoting *Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007)).

[12] Newman was convicted of cruelty to an animal pursuant to Indiana Code Section 35-46-3-7, which provides in part:

> (a) A person who:
>
> > (1) has a vertebrate animal in the person's custody; and
> >
> > (2) recklessly, knowingly, or intentionally abandons or neglects the animal;

commits cruelty to an animal, a Class A misdemeanor. However, except for a conviction under section 1 of this chapter, the offense is a Level 6 felony if the person has a prior unrelated conviction under this chapter.

(b) It is a defense to a prosecution for abandoning a vertebrate animal under this section that the person who had the animal in the person's custody reasonably believed that the vertebrate animal was capable of surviving on its own.

[13] The State charged Newman with "abandon[ing]" the animals, not neglecting the animals. Appellant's App. Vol. II p. 10. "Abandon" means "to desert an animal or to leave the animal without making provision for adequate long term care of the animal." Ind. Code § 35-46-3-0.5(1). Further, Indiana Code Section 35-41-2-2 provides:

(a) A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

(c) A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct.

[14] According to Newman, the evidence is insufficient to show that she abandoned the dogs. Newman argues that no evidence existed to contradict her statement to her family that she gave the dogs to a friend. Newman also implies that

others in the family had access to the house. Further, she argues that, even if she released the dogs, "she reasonably believed that they were capable of surviving on their own." Appellant's Br. p. 9. She argues that the dogs could survive by hunting wild animals and drinking water in a nearby pond. The State counters that the evidence and reasonable inferences demonstrate that Newman "had primary care of the dogs and that she released the dogs, allowing them to roam at large because she was upset [ ] with her family." Appellee's Br. p. 12.

[15] The State presented evidence that, in the midst of a contentious divorce and her daughter moving out, Newman threatened to surrender four of the family's dogs. The dogs lived inside of the house and only went outside for short periods. When family members arrived the next day to retrieve the dogs, four of the dogs were gone, and Newman suggested that she gave the dogs away to a friend. The animals, however, were discovered wandering throughout the area. Two of the dogs were spotted on a road, and one of the dogs was "[a] little dirty", "wet," and "[p]anting a little bit" when it was recovered. Tr. Vol. II p. 36. No evidence was presented that the dogs had access to food or shelter during the days they were missing.

[16] We conclude that the State presented sufficient evidence to show that Newman, at a minimum, recklessly deserted an animal or left an animal without making provision for adequate long term care of the animal. Given that the dogs were indoor household pets, the trial court did not find that Newman reasonably believed that the dogs were capable of surviving on their own. Newman's

arguments are merely requests that we reweigh the evidence, which we cannot do.  The evidence is sufficient to sustain Newman's conviction for cruelty to an animal, a Class A misdemeanor.[3]

## Conclusion

[17] The evidence is sufficient to sustain Newman's conviction.  Accordingly, we affirm.

[18] Affirmed.

Pyle, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Carlos I. Carrillo
Carrillo Law LLC
Greenwood, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Kelly A. Loy
Assistant Section Chief Criminal Appeals
Deputy Attorney General

---

[3] Newman argued at oral argument that the State alleged she abandoned the animals between June 4, 2022, and June 5, 2022, but the evidence showed that she abandoned the animals on June 3, 2022.  "Where time is not of the essence of the offense, however, it is well established that the State is not confined to proving the commission on the date alleged in the affidavit or indictment, but may prove the commission at any time within the statutory period of limitations."  *Love v. State*, 761 N.E.2d 806, 809 (Ind. 2002) (internal quotations omitted).  Here, time is not of the essence, and Newman's argument fails.

Jennifer Anwarzai
Deputy Attorney General
Indianapolis, Indiana